NIMMONS, Judge,
dissenting.
The claimant, who was accepted as PTD by the E/C, has had back and knee surgery and wears both a back brace and a knee brace. It is apparently conceded that hydrotherapy is an effective means for relief of the claimant’s symptoms. But under the applicable case law, that does not necessarily entitle the claimant to an order requiring the E/C to provide for the construction and maintenance of a swimming pool at his home.
In my view, the claimant failed to present facts establishing the extremely unusual circumstances which this court has said are necessary in order to justify requiring the employer/carrier to furnish the claimant a swimming pool. Firestone Tire and Rubber Company v. Vaughn, 381 So.2d 740 (Fla. 1st DCA 1980) (“highly unique circumstances”); Haga v. Clay Hyder Trucking Lines, 397 So.2d 428 (Fla. 1st DCA 1981) (“extremely unique circumstances”); Sacred Heart Hospital v. Grafton, 451 So.2d 1018 (Fla. 1st DCA 1984) (“extremely unique circumstances”). Compare United Sheet Metal Company v. Meyer, 520 So.2d 616 (Fla. 1st DCA 1988) (“[Rjequiring installation of a swimming pool on the claimant’s property is one thing, [citation omitted] Requiring the carrier to furnish a portable hot tub is another.”).
This case is a far cry from the compelling circumstances involved in the above cases. In Haga, the injuries suffered by the claimant were horrific — 3rd and 4th degree burns to most of the lower half of the body, amputation of both legs, a colostomy, and extensive skin and muscle grafts. Also, the health spa, which the employer offered a membership in, was not a viable alternative because it was demonstrably inadequate to accommodate the special needs of amputees. In addition, there was a need for Haga to swim twice daily, and the health spa was located 25 miles away from Haga’s home. Even under the compelling facts in Haga, this court did not out-and-out direct that a pool be constructed but, instead, remanded for an order requiring the employer to pay for installation of a pool or provide access to a pool within a reasonable distance from claimant’s home.
In Sacred Heart, the following factors were significant to this court in affirming the award of a swimming pool: (1) the E/G “offered no alternative to the drastic measures ultimately undertaken by the claimant”; (2) the closest pool was 56 miles away; and (3) there was an “absence of a significant contest on the issue” by the E/C. 451 So.2d at 1020.
In Firestone Tire, it was apparent that the following factors weighed heavily in approving the swimming pool award: (1) the extraordinarily debilitating effects of the claimant’s injuries; (2) the need to use the pool several times each day and in the nighttime as well when the claimant was unable to sleep; and (3) the E/C presented no evidence rebutting the need for a pool on the claimant’s premises.
*272 In the case at bar, the claimant’s injuries are not unusually profound and the E/C presented a reasonable and sensible alternative by which the claimant could receive the needed hydrotherapy short of requiring the E/C to construct and maintain a swimming pool.
As reflected in paragraph 7 of the appealed order (partially reproduced in the majority opinion), the Judge of Compensation Claims (J.C.C.) placed much reliance upon his conclusion that, in the long run, it would cost the E/C more to furnish the claimant with access to the public pool at the University of West Florida than it would to construct and maintain a pool on the claimant’s premises. Even if the J.C. C.’s assumptions in this respect are accurate, the E/C should have the right to furnish the necessary therapy under a reasonable plan other than one requiring the construction and maintainence of a private pool for the claimant. If the cost to the E/C proves to be greater than the construction of a home swimming pool, that’s the E/C’s problem, not the J.C.C.’s. Projected monetary savings to a carrier is not a sufficient justification to alter the parties’ responsibilities under the Workers’ Compensation Act. The J.C.C. has clearly intruded upon the prerogative of the E/C.
In Haga, Judge Joanos, writing for the Court, said:
This workers’ compensation appeal presents a set of extremely unique circumstances combined with a request for highly extraordinary relief. Despite the admonition that “hard cases make bad law,” we find that the record in this case requires a reversal of the deputy commissioner’s order denying the claimant’s request for the installation of a swimming pool. We do not reach this result without considerable concern that an opinion in this case may be misconstrued as an acceptance of the medical necessity of swimming pool installation in cases involving circumstances less extreme than those specifically presented here.
397 So.2d at 429. It appears to me that Judge Joanos’ apprehensions were, as the majority's affirmance of the subject order clearly demonstrates, well founded. Hard cases (Haga) do indeed make bad law. As in so many areas, once the door is cracked, the ordinary inevitably seems to qualify as the extraordinary.
I would reverse the order.