381 So.2d 740 (1980)
FIRESTONE TIRE AND RUBBER COMPANY and Liberty Mutual Insurance Company, Appellants,
v.
Leroy VAUGHN, Appellee.
No. QQ-127.
District Court of Appeal of Florida, First District.
April 1, 1980.
*741 Billy L. Rose, of Harrison, Greene, Mann, Rowe, Stanton & Mastry, St. Petersburg, for appellants.
Edwin J. Bradley, of Lloyd & Henninger, P.A., St. Petersburg, for appellee.
PER CURIAM.
This case involves an unusual award of palliative care under § 440.13(1), Florida Statutes (1977). The judge of industrial claims found that the installation of a swimming pool on claimant's premises was reasonable and necessary, awarding claimant partial reimbursement for the cost of the pool and awarding pool maintenance costs. The appellants contend there was not competent, substantial evidence to support the finding that a pool was required to alleviate the employee's pain. On cross-appeal, Vaughn alleges that it was error to deny full reimbursement. While we affirm the points on appeal and reverse the point on cross-appeal, we stress that this affirmance is justified only because of the highly unique circumstances presented in this case. Because of the nature of such an award, we have no intention of sanctioning the installation of pools for mere convenience of claimants who find it beneficial in the course of their treatment.
Vaughn suffered an accident rendering him permanently and totally disabled in 1966. Since that time he has undergone twelve operations, involving the removal of several intervertebral discs, the removal of a coccyx during an operation in an unsuccessful attempt to reach a spinal nerve, and a fusion operation on the back. The twelfth operation was performed only a year before the hearing. To relieve pain in Vaughn's left shoulder, arm and chest, and back and left leg, he takes medication daily and hooks up his body to what he terms an "electrode machine." Occasionally, he leaves this mechanism on all day. He also uses a vibrating recliner equipped with a heating mechanism. In 1970, Vaughn's doctors recommended that he begin exercising in a swimming pool. The appellants failed to provide a pool after a request made by the injured employee. Subsequently, Vaughn joined a health spa but discontinued using the spa after a year and a half because, although the spa treatment was very effective in alleviating pain, the traveling to and from the spa canceled the benefits of the treatment. In 1977, Vaughn contracted to have a twelve-by thirty-foot pool built on his property, equipped with two high-pressured jets which he can control when he needs relief. He uses the pool for exercising and relief of pain. In the summertime, the pool is used three to five times daily and is often used in the a.m. hours when Vaughn cannot sleep. In all, three treating physicians recommended the use of swimming facilities for exercise and relief of pain. Dr. Wallace wrote, after the installation of the pool, that "it was necessary for Mr. Vaughn to install a pool so that *742 he could do his exercises for his back." The appellants present no evidence rebutting the recommendations of the doctors, nor of Dr. Wallace, nor do they rebut Vaughn's statement of facts showing that a pool is required on his premises. Lastly, there are no issues presented here concerning the appropriateness of the physical characteristics of the pool.
As to Point I, appellants argue that the pool installation was prohibited by Empire Drilling Co. v. Dunaway, IRC Order 2-3453 (June 6, 1978), urging that it is outside the Workmen's Compensation Act provisions to furnish a claimant with an item in which title vests in the claimant. However, Walt Disney World v. Morgan, IRC Order 2-3818 (May 22, 1979) interprets the case to mean only that it is not necessary to construe an order as an unconditional mandate for "vesting of title" under the statutory requirement to "furnish ... other apparatus." Thus, the vesting of title is not per se prohibited. The test is whether the furnishing of the apparatus, i.e., the pool, was required under § 440.13(1). After carefully considering the evidence presented in this case, we affirm the determination made below that Vaughn's treatment required the installation of a pool.
Appellants raise under Point II the issue of whether it was proper to require appellants to reimburse Vaughn for the maintenance costs of the pool. We answer this in the affirmative. E.g., Cover v. T.G. & Y., 377 So.2d 792 (Fla. 1st DCA 1979).
The remaining issue raised under Point II and Point I of the cross-appeal concerns a determination of the proper amount of reimbursement. Appellants urge that the pool increases the value of the residence and is a monetary advantage to appellee to the detriment of appellants. On the other hand, Vaughn urges that there is no statutory authority to apportion the costs of furnishing apparatus under § 440.13(1) between the employer/carrier and employee. We agree with Vaughn. Not only did appellants fail to establish the value of the alleged collateral benefit, but the apportionment of such costs is not provided for by statute. Rather, the injured employee may provide himself with the required apparatus at the expense of the employer, with only the reasonableness and the necessity of the expense to be approved by the judge of industrial claims. There was no evidence here, nor a finding by the judge, that the amount paid for the pool was unreasonable or not necessary. We feel it appropriate to remark that the partial reimbursement in this case seems to be a fair and reasonable result under the circumstances involving this type of award. However, we fail to find the statutory authority to apportion the expense absent a finding that the expense is unreasonable or not necessary. We note that judicially permitting a setoff based upon appreciation of property would open the door to litigation regarding an endless array of other setoffs urged because of "collateral benefits" to employees. Addressing such an issue is the prerogative of the legislature.
Points I and II are affirmed, and Point I on cross-appeal is reversed and remanded for further proceedings not inconsistent with this opinion.
MILLS, C.J., and McCORD, J., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting.
I dissent from this court's retention of jurisdiction in this case, which arose outside the territorial jurisdiction of the court. See Crews v. Town of Bay Harbor, 378 So.2d 1265 (Fla. 1st DCA 1979).
On the merits, I would concur in the majority's opinion.