451 So.2d 532 (1984)
EDGEWOOD BOYS' RANCH FOUNDATION and New Hampshire Insurance Company, Appellants,
v.
Kevin ROBINSON, Appellee.
No. AW-459.
District Court of Appeal of Florida, First District.
June 13, 1984.
Valerie A. Marshall of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Orlando, for appellants.
Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
SMITH, Judge.
We have carefully considered the fifteen page transcript of the hearing at which the deputy commissioner ordered the employer/carrier to furnish a specially-equipped van for the use of claimant, a quadriplegic since his 1975 compensable accident. We affirm the order.
The transcript reveals that the E/C did not oppose the award of the new van, the necessity for which was fully substantiated by claimant's doctor's deposition introduced at the hearing and read by the deputy commissioner. We note particularly the deputy commissioner's statement of the issues, his tentative ruling, and the response of the E/C's attorney, as follows:

*533 THE COMMISSIONER: [B]ased upon the testimony of Mr. Robinson and having read the deposition of Dr. Menter, ... I am looking at two issues. One is the authorization of a van and the next one is, how much. I am going to authorize the van and I hope I haven't made the judgment prematurely, if you have some evidence to support your position, Maggie, or some testimony.
MS. SOJOURNER: No. The only question we have regarding the van was whether or not there was any insurance on the prior van and what utilization was made of those monies... .
Essentially, two basic concerns were expressed by the E/C's counsel at the hearing. The first involved what disposition was made of insurance proceeds, if any, that might have come into the claimant's hands as the result of the wrecking of the first van furnished to him by the E/C in 1976. This concern was answered by claimant's attorney's observation that since the wreck occurred seven years earlier, any funds received had been dissipated in supplying claimant with transportation during that time. Secondly, the E/C's attorney interposed a hearsay objection to claimant's attempted introduction into evidence of a written estimate the claimant had obtained from MidContinent Conversion Co., of Kansas City, Missouri (the claimant moved to Merriam, Kansas, after the accident), which contained a list of specifications for a particular model van, and an itemization of costs for the van, its accessories and equipment. The deputy commissioner's ruling and his comment thereafter indicates that he considered the hearsay objection well taken. However, he further stated that introduction into evidence did not appear to be necessary. Apparently, the deputy commissioner concluded that there was no genuine issue as to the suitability of or cost of the van described in the estimate, and the specifications for the van contained in the order appear to have been copied, verbatim, from the cost estimate.
After the deputy commissioner announced at the hearing that the E/C would be ordered to furnish a new van, the E/C's attorney continued her general opposition to the use of cost estimate, and argued that the E/C should not be ordered to obtain a van from any particular dealer. The claimant's attorney offered no objection to the E/C's obtaining a suitable van at less expense, if it could do so. However, no evidence was submitted by the E/C, and we find that no significant attempt was made through cross-examination of the claimant to determine from the list of accessory items those which were actually required for his use, and those that were not. The claimant testified affirmatively on cross-examination that he was familiar with each and every item required to convert a van for his usage. There were some items on the list that the claimant was not familiar with, and we have noted his testimony that he did not know whether each and every item listed was "necessary for that conversion." No attempt was made to have the claimant further explain or to identify these questionable items.
The hearing closed with the general understanding that the deputy commissioner would enter an order requiring the E/C to furnish a van which would meet the claimant's needs, and which would be described in the order. The order actually entered found that a van meeting the description contained in the cost estimate produced by the claimant was necessary for his use, and required the E/C to furnish the van through the MidContinent Conversion Co.
In its brief, the E/C identify some nine accessory items totalling $1,460.47, included in the specifications contained in the deputy commissioner's order, which they claim are not medically necessary. Even if we were inclined to agree with the E/C's argument that a lack of necessity with respect to some of these items is apparent from "merely by looking" at the list, we would nevertheless be compelled to affirm the award of the van as specified "for want of a significant contest on [this] issue below." Chain Store Warehouses v. Picard, 431 So.2d 685, 687 (Fla. 1st DCA 1983). *534 Although we could well be persuaded that some of the items listed ("Chrome Grill, $46.00, for example) do not appear to have any connection with a "medical necessity," we are also compelled to observe that the entire cost of the specially-equipped van does not on its face seem excessive, especially in the absence of any evidence or contention below to that effect.
Similarly, we affirm the deputy commissioner's requirement that the van be purchased from MidContinent Conversion Co. Here, the claimant furnished the cost estimate from MidContinent long before the hearing, yet the E/C gave no notice of its rejection of the cost estimate, and apparently did nothing to determine the availability or cost of a suitable van from another dealer. Further, even though the claimant's attorney indicated no objection to having the van furnished through another dealer, the E/C have yet to demonstrate that they took a single positive step toward accomplishment of this objective. Any error in the deputy commissioner's failure to allow the E/C to furnish the van through a different dealer, contrary to the tenor of the deputy commissioner's statements at the hearing, could and should have been brought to the attention of the deputy commissioner during the thirty day period before the order became final pursuant to Section 440.25(4)(a), Florida Statutes (1983). Chain Stores Warehouses v. Picard, supra; Polk County Board of County Commissioners v. Patterson, 433 So.2d 1298 (Fla. 1st DCA 1983); Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982); Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981); cf., Suarez v. American Building Maintenance, 412 So.2d 32 (Fla. 1st DCA 1982). Reversal of the award for any of the reasons advanced by the E/C at this late date would only tend to further delay the expenditure of the funds necessary to comply with the order, thus having the effect of rewarding the E/C for their failure to cooperate, prehearing, and their failure to provide any information which might have assisted the deputy commissioner in making his final decision, post-hearing.
Accordingly, the order appealed from is AFFIRMED.
JOANOS and ZEHMER, JJ., concur.