520 So.2d 616 (1988)
UNITED SHEET METAL COMPANY & Liberty Mutual Insurance Company, Appellants,
v.
Warren MEYER, Appellee.
No. BT-241.
District Court of Appeal of Florida, First District.
January 14, 1988.
*617 Walter E. Beisler of Beisler, Beisler & Malone, West Palm Beach, for appellants.
Lawrence J. Langer, West Palm Beach, for appellee.
PER CURIAM.
In the appealed order, the deputy commissioner required the employer/carrier to reimburse claimant for the cost of a hot tub. The reimbursement was limited to the reasonable cost of a portable hot tub rather than the substantially greater amount actually expended by the claimant for an "in-the-ground" hot tub. We affirm.
The E/C assert that the deputy erred in requiring reimbursement because: (1) prior to the claimant's acquisition and installation of the hot tub, the claimant failed to request the employer/carrier to furnish such equipment as required by Section 440.13(2)(b), Florida Statutes (1985);[1] and (2) the stringent criteria established in Firestone Tire and Rubber Company v. Vaughn, 381 So.2d 740 (Fla. 1st DCA 1980) and Haga v. Clay Hyder Trucking Lines, 397 So.2d 428 (Fla. 1st DCA 1981), governing the award of a swimming pool should be applied to the award of a hot tub, and the evidence fails to establish such criteria.
According to the claimant and his authorized chiropractic physician, the latter recommended that claimant obtain a hot tub for continuous home care therapy inasmuch as the claimant was able to continue working in his strenuous occupation only through the assistance of a hot tub to ease muscle spasms. It was in response to this recommendation that the claimant acquired and installed the hot tub. The doctor testified that she wrote a letter to the carrier notifying it of the claimant's need for a hot tub. She admitted, however, that she could not be sure that the letter was sent and could only assume that the letter was sent although there was no indication to that effect in her office's "insurance log."
We agree with appellants that the evidence did not establish that the carrier ever received the doctor's letter. However, even assuming that the doctor did not send the letter, we find no authority in the language of the statute or in the decisional law compelling a deputy to visit upon the claimant rather than the carrier the consequence of such communication failure by an authorized doctor.
With respect to appellant's other contention that the award was not proper under the standards applied in Firestone Tire & Rubber Co. v. Vaughn, supra, the deputy found claimant "is able to continue working in a strenuous occupation only through the assistance of this hot tub to ease muscle spasms." The medical testimony supports that conclusion as well as the finding that the hot tub therapy would result in a reduction in the number of physician visits. The deputy's stated conclusions also accord with the caveat expressed in Firestone to the effect that mere convenience may not suffice to support a choice between public and private facilities for therapy. The deputy's reference to convenience was expressly limited to a standard of access which "enables Mr. Meyer ... not to disrupt his work routine." The record does not support a conclusion that appellant proved availability of adequate and more economical alternatives. Finally, *618 installation of a swimming pool on the claimant's property is one thing. Firestone Tire & Rubber Co. v. Vaughn, supra. Requiring the carrier to furnish a portable hot tub is another.
AFFIRMED.
WENTWORTH, NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Section 440.13(2)(b) provides:

If the employer fails to provide such treatment, care, and attendance after request by the injured employee, the employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by a deputy commissioner. The employee shall not be entitled to recover any amount personally expended for such treatment or service unless he has requested the employer to furnish the same and the employer has failed, refused, or neglected to do so or unless the nature of the injury required such treatment, nursing, and services and the employer or the superintendent or foremen thereof, having knowledge of such injury, has neglected to provide the same.