533 So.2d 862 (1988)
AINO'S CUSTOM SLIP COVERS and Nationwide Insurance Company, Appellants,
v.
Anthony DeLUCIA, Appellee.
No. 87-1772.
District Court of Appeal of Florida, First District.
October 27, 1988.
Rehearings Denied December 1 and December 19, 1988.
*864 H. George Kagan of Miller, Hodges, Kagan & Chait, Deerfield Beach, for appellants.
Frank B. Kessler, Lake Worth, and Jerry J. Goodmark, West Palm Beach, for appellee.
THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers' compensation order which, inter alia, establishes the claimant's date of maximum medical improvement (MMI), awards claimant permanent total disability (PTD) benefits, directs the E/C to furnish claimant with a customized van equipped with a wheelchair lift, awards 24-hour attendant care benefits, and directs that Lawrence Forman & Associates, a rehabilitation service company, shall oversee all of claimant's rehabilitation, medical management and home modifications. We affirm in part, reverse in part, and remand.
The E/C first take issue with the deputy commissioner's (deputy) finding that claimant reached MMI on June 2, 1987, and with his conclusion that because they failed to accept claimant as PTD until late August 1987 their acceptance was "late" so that they were not insulated from an assessment of attorney's fees. The June 2, 1987 MMI date finds absolutely no support in the record. The only doctor who saw claimant on that date stated that claimant was still improving, and, considered as a whole, all the medical testimony adduced established that MMI had not then been reached. Although it is uncontroverted that claimant will never work again, MMI is a medical, not an employment, concept. MMI is the date after which recovery or lasting improvement can no longer be reasonably anticipated. Johnson v. United Parcel Service, 513 So.2d 1336 (Fla. 1st DCA 1987); Lewis v. Town & Country Auto Body Shop, 447 So.2d 403 (Fla. 1st DCA 1984). So long as there is a reasonable expectation that further improvement is possible, a claimant cannot be considered to have reached MMI. Stewart v. Resort Inns of America, 513 So.2d 1334 (Fla. 1st DCA 1987). The award of PTD benefits for the period from June 2, 1987 to August 31, 1987, when the E/C voluntarily accepted claimant as PTD, and the reservation of jurisdiction to assess attorney's fees and costs, are reversed.
The final order places Lawrence Forman & Associates in charge of overseeing and supervising claimant's rehabilitation, home modifications, vehicle purchase, further nursing care needs and further medical care and management. The only evidence in support of this sweeping award was the testimony of Lawrence Forman himself. All other witnesses, both medical and lay, and including claimant, either expressed satisfaction with the services currently being provided by the E/C, or declined to express an opinion. The final order appears to grant Forman unlimited authority to retain services, purchase items, and order evaluations at the E/C's expense. The award is patently erroneous insofar as it purports to give a rehabilitation company authority to oversee and supervise claimant's medical and nursing care. Such responsibility rests with a claimant's authorized treating physicians. Furthermore, although Forman was apparently competent to testify concerning his rehabilitation services, his testimony was not sufficiently substantial to provide the sole support for such a far ranging award of rehabilitative oversight and authority. The deputy is entitled to rely on one witness' testimony over that of another, but the extent of such reliance must be warranted *865 by the substance of that testimony. See Tucker v. Agrico Chemical Co., 476 So.2d 729 (Fla. 1st DCA 1985). Therefore, although we find no error in the award of rehabilitative oversight to Lawrence Forman & Associates, we reverse the extent of the award of authority, and direct the deputy to reconsider it on remand.
The final order finds that "[c]laimant is entitled to receive a van with a wheelchair lift," and directs the E/C to "provide to the Claimant a van with a wheelchair lift. The purchase, selection and customization of the van shall be supervised by Larry Forman's rehabilitation company." To the extent that the order may be interpreted as requiring the E/C to purchase a van to be titled in claimant's name, it is clearly in error. Empire Drilling Co. v. Dunaway, IRC Order 2-3453 (June 6, 1978). Although the E/C can be ordered to furnish or provide a vehicle, the Workers' Compensation Act does not authorize a deputy to order that title to such vehicle vest in the claimant. Id.
Section 440.13(2), Fla. Stat. requires the E/C to "furnish to the employee such medically necessary remedial treatment, care and attendance as the nature of the injury or the process of recovery may require ... including ... medically necessary apparatus." The term "medically necessary apparatus" has been found to encompass a variety of unusual items, including a specially equipped van for a claimant's use. Edgewood Boys' Ranch Foundation v. Robinson, 451 So.2d 532 (Fla. 1st DCA 1984). See also United Sheet Metal Co. v. Meyer, 520 So.2d 616 (Fla. 1st DCA 1988) (portable hot tub); Butler v. Lanzo Construction Co., 509 So.2d 965 (Fla. 1st DCA 1987) (air conditioning); Sacred Heart Hospital v. Grafton, 451 So.2d 1018 (Fla. 1st DCA 1984) (lap pool); Doctors Hospital of Lake Worth v. Robinson, 411 So.2d 958 (Fla. 1st DCA 1982) (child care). Although such awards are permissible, the claimant's need must be clearly established. If the claimant's need is readily apparent, nonmedical evidence may provide adequate support for such an award. Fidelity & Casualty Co. of New York v. Cooper, 382 So.2d 1331 (Fla. 1st DCA 1980). Otherwise, medical evidence as to necessity will ordinarily be required. See United Sheet Metal Co. v. Meyer; Butler v. Lanzo Construction Co.; Edgewood Boys' Ranch Foundation v. Robinson; Haga v. Clay Hyder Trucking Lines, 397 So.2d 428 (Fla. 1st DCA) review denied 402 So.2d 609 (Fla. 1981).
In the instant case, no evidence of necessity for a van was adduced. At the most, the testimony of claimant, his wife, and Lawrence Forman established that it would be beneficial and pleasant for claimant to have a van with a wheelchair lift available to him. The final order states that a van will provide a "safer and easier way" for claimant to travel, but does not find such an award to be medically necessary. This is insufficient support for an award of an unusual "other apparatus" item which has not been shown to be medically necessary and which was estimated by Lawrence Forman to involve a cost of over $24,000. Such an award is not proper under circumstances where it is established only that it is for the mere convenience of the claimant, who may find it beneficial in the course of his treatment. Firestone Tire and Rubber Co. v. Vaughn, 381 So.2d 740, 741 (Fla. 1st DCA 1980). Accordingly, we reverse that portion of the award which directs the E/C to provide claimant with a van with a wheelchair lift to be purchased and customized to Lawrence Forman's specifications. In reversing this portion of the award we note that it would not be unreasonable for the deputy to direct that the E/C furnish claimant with some means of transportation, as the record clearly establishes that claimant cannot drive and that he and his wife do not own an operable vehicle. Upon remand the deputy should reconsider this issue.
Finally, the E/C challenge the award of 24-hour attendant care benefits to the spouse. As a general rule, house hold duties a spouse would normally provide are not compensable. City of Leesburg v. Balliet, 413 So.2d 860 (Fla. 1st DCA 1982). The deputy must try to apportion the time spent so that the E/C pay *866 only for attendant care rendered to the claimant, and not for the spouse's performance of ordinary household duties. Sealey Mattress Co. v. Gause, 466 So.2d 399 (Fla. 1st DCA 1985). Moreover, attendant care benefits are not properly due the spouse for those periods when the claimant is being cared for by an attendant, therapist or nurse provided and paid for by the E/C. The award of 24-hour attendant care benefits to claimant's wife in the instant case is not supported by competent substantial evidence. In fact, it is contrary to the only evidence on this issue by claimant's rehabilitation expert witness, Lawrence Foreman, who testified as follows as to the claimant's need for attendant care:
A. She needs to be with him 24 hours a day. Or someone in addition to her needs to be with him, but he cannot be left alone.
.....
A... . My opinion is as follows: I'm making the assumption the wife will always be there. Of course, if she's not there, that would alter my opinion drastically, but she needs to be either on the premises, whenever it is that she is with him, or somebody else needs to be there with him, like I said, 24 hours a day. She also needs a period to sleep which could be as much as eight hours a day. And with these habits, that's easily interrupted with him getting up or trying to get up and ask for things and having to take him to bathroom and so forth.
She also needs time for herself four, five hours a day to do things she was doing if he had not been injured: get her hair done, going out and relaxing, whatever it may be in the way of necessities.
.....
A. I would like to see her have eight hours of help a day and obviously that would mean there would be a number of hours left open where she would have to be on call the remaining time which is about 16 hours.
Q. Of the eight hours that you feel Mrs. Deluica needs assistance, would the four that they're getting at the present time be credited? Are you following?

A. Sure. I'm not saying she needs 12 plus has to be on 16. Obviously there's not that many hours in the day. She needs four hours in addition to what she's presently getting.
(Emphasis added.) The record reflects that the E/C provide an attendant who furnishes services to the claimant at his home and takes him to therapy. Therefore no attendant care benefits should be paid the spouse for these periods of time. The final order also directed the E/C to furnish an additional nursing attendant for 6 hours per day. Credit would also be due for such periods as this attendant is furnished by the E/C. The award of attendant care benefits to the spouse is affirmed, but is remanded for reconsideration as to the amounts so that the deputy may take into consideration the hours when claimant is absent at therapy, or is cared for by another E/C furnished attendant.
The final order is affirmed in part and reversed in part, and the cause is remanded to the deputy for further consideration not inconsistent with this opinion.
AFFIRMED in part, REVERSED and REMANDED in part.
BOOTH and SHIVERS, JJ., concur.