559 So.2d 736 (1990)
APPLEGATE DRYWALL COMPANY and Maryland Casualty Co., Appellants,
v.
Charles A. PATRICK, Appellee.
No. 89-1724.
District Court of Appeal of Florida, First District.
April 18, 1990.
J. Craig Knox, of Fuller, Johnson & Farrell, Tallahassee, for appellants.
Allison K. Bethel, of Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, West Palm Beach, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order by which the paraplegic claimant was awarded various benefits, including a wheelchair van for which employer/carrier was held responsible for insurance, maintenance, and repair costs. We find that no point of reversible error has been presented for our review, and we therefore affirm the appealed order.
Claimant sustained industrial injuries which rendered him paraplegic, and certain workers' compensation benefits were provided. A claim was thereafter made for other benefits including a wheelchair van. *737 Employer/carrier subsequently agreed to furnish such a van, but desired that it be titled in claimant's name. After a hearing the judge approved this arrangement, but ordered that employer/carrier remain responsible for "all insurance payments as well as all maintenance and repair" for the vehicle.
Since a wheelchair van is awardable as a medical benefit under section 440.13(2), Florida Statutes, upon an appropriate showing of need, see generally, Aino's Custom Slip Covers v. DeLucia, 533 So.2d 862 (Fla. 1st DCA 1988), the necessary costs attending the use of this medical benefit are also awardable. Cf., Firestone Tire & Rubber Co. v. Vaughn, 381 So.2d 740 (Fla. 1st DCA 1980). The circumstance that employer/carrier has chosen to title the vehicle in claimant's name does not alter this obligation, nor is any further showing required beyond that which supports the award of the van. And, as indicated in Vaughn, chapter 440 does not provide for apportionment of such necessary costs of medical apparatus. In the circumstances presented the judge properly required employer/carrier to remain responsible for the challenged insurance, maintenance, and repair costs.
The order appealed is affirmed.
ERVIN and WIGGINTON, JJ., concur.