565 So.2d 376 (1990)
RAMADA INN SOUTH AIRPORT and Claims Center, Appellants,
v.
M. Diane LAMOUREUX, Appellee.
No. 89-2995.
District Court of Appeal of Florida, First District.
August 8, 1990.
*377 B.C. Pyle and Pauline W. McIntyre, Orlando, for appellants.
Frederic M. Schott of Meyers and Mooney, P.A., Orlando, for appellee.
SHIVERS, Chief Judge.
The employer/carrier (E/C) in this workers' compensation case appeal an order in which the judge of compensation claims (JCC) directed the E/C to either provide the claimant with a rent-free, handicapped-equipped and wheelchair-accessible apartment, or to purchase her a similarly equipped house or condominium. The E/C also appeal that portion of the JCC's order providing that the housing either be furnished with a heated swimming pool or hot tub, or be located within a reasonable distance from such facilities. We affirm in part, reverse, and remand.
Both parties in this case agree that the severely injured claimant is in need of handicapped-equipped housing. The record is clear that the claimant's injuries and handicaps are at least as severe, if not more so, than those of the claimant in Peace River Electric Corp. v. Choate, 417 So.2d 831 (Fla. 1st DCA 1982). Further, it is clear from the record that claimant's present apartment in Dracut, Massachusetts is not wheelchair accessible, cannot be modified to meet the claimant's needs, and presents a safety hazard since the claimant has no way to exit the apartment in the event of a fire. We therefore affirm the JCC's finding that the E/C should bear the responsibility of providing appropriate handicapped-equipped housing to the claimant. We agree with the E/C, however, that they should bear the responsibility only for the difference between the cost of claimant's current apartment and the cost of an apartment or house fully equipped according to the specifications set out in the JCC's order. Consequently, we remand this matter to the JCC to modify his order in accordance with this opinion.
We reverse that portion of the order awarding either a swimming pool or hot tub or reasonable access thereto, as there is no evidence in the record which would support a finding that such facilities are medically necessary for treatment of the claimant's needs. See Haga v. Clay Hyder Trucking Lines, 397 So.2d 428 (Fla. 1st DCA 1981); Firestone Tire and Rubber Co. v. Vaughn, 381 So.2d 740 (Fla. 1st DCA 1980).
Accordingly, we affirm in part, reverse, and remand.
BOOTH and WOLF, JJ., concur.