BOOTH, Judge.
This cause is before us on appeal from a workers’ compensation order awarding claimant partial reimbursement for the costs of building a wheelchair-accessible home. Claimant, while working for the employer/self-insured (E/SI) at a construction site, sustained injuries rendering him a quadriplegic. Claimant constructed a new 2,300-square-foot, $310,000, wheelchair-accessible home. The judge of compensation claims (JCC) found the necessary and reasonable cost of making the home wheelchair accessible to be $28,950. However, the JCC reduced the $28,950 reimbursement award to $19,298.07, and stated that the reduction was in lieu of giving the E/SI a lien on the house. The order of the JCC is, in pertinent part, as follows:
I find that the Claimant has been required to construct certain aspects of his home either in a different manner or in a larger size in order to accommodate his disability. I find that this Claimant, married after his injury occurred, was justified in removing himself and his wife from his parents’ home and that the Claimant’s well being actually required this. I find that the Employer is responsible for making modifications to accommodate this Claimant’s impairment, and I find that the most logical way to handle this is to treat it as if it were a modification to an existing home, with the options being either a direct payment of costs, with a lien given to the Employer, or a direct payment of part of the cost without the encumbrance of a lien on the property.
[[Image here]]
... After considering all the testimony in this cause, I find that it is reasonable that Claimant’s impairment required an additional 527 feet of living space to accommodate his impairment. I find that a reasonable cost of construction in Dixie County is $50.00 per square foot in accordance with the testimony of Edward Young, and I find that the Claimant is entitled to the consideration of $26,350.00 for this additional construction. Additionally, I find that the Claimant is entitled to the cost of $200.00 for a wheel chair ramp, and for the additional garage space of 96 square feet at a construction cost of $25.00 per square foot, or $2,400.00, for a total consideration of $28,950.00.
Under normal situations, a lien to the Employer on the premises would be considered. This is not, however, a normal situation. This Claimant has constructed a home very much above the average for *616 its locality, both in size and cost. His construction materials are more costly, and the allowances for consideration I have found herein have been incorporated into the home into more expensive materials than the normal costs of construction testified to by Mr. Young. I find, that under the circumstances of this case, the interests of the parties are best resolved by an award to the Claimant of 66%% of the costs allowed for consideration. I find, therefore, that the Employer is responsible for a total cost of $19,-298.07 of the cost to make the home wheel chair accessible and to accommodate it to his impairment, and that the Employer shall have no lien on the Claimant’s property.
We hold the JCC erred in reducing the amount of reimbursement on the ground stated. Neither the JCC nor the E/SI cited any authority for reduction of reimbursement for medically-necessary benefits in lieu of granting a lien, or any authority establishing the calculation to be used if such a reduction were permissible.
In Firestone Tire and Rubber Co. v. Vaughn, 381 So.2d 740 (Fla. 1st DCA 1980), the E/SI contended that additions to the residence would increase the property value, and therefore the employer and claimant should split the expenses. This court ruled that not only did the E/SI fail to establish the value of the alleged collateral benefit, but that apportionment of costs between the E/SI and claimant is not provided for by statute, holding (381 So.2d at 742):
We feel it appropriate to remark that the partial reimbursement in this case seems to be a fair and reasonable result under the circumstances involving this type of award. However, we fail to find the statutory authority to apportion the expense absent a finding that the expense is unreasonable or not necessary. We note that judicially permitting a setoff based upon appreciation of the property would open the door to litigation regarding an endless array of other setoffs urged because of “collateral benefits” to employees. Addressing such an issue is the prerogative of the legislature.
In Applegate Drywall Co. v. Patrick, 559 So.2d 736 (Fla. 1st DCA 1990), this court again held that Chapter 440 does not provide for apportionment of necessary costs of medical apparatus. Similarly, in the instant case, the JCC erred in attempting to apportion costs of medically-necessary benefits in lieu of granting the E/SI a lien. Accordingly, we reverse the JCC’s order as to the reduction of benefits in lieu of a lien and affirm the order in all other respects. This cause is remanded to the JCC with instructions that claimant be reimbursed $28,950, the full amount of the medically-necessary costs found by the JCC.
SHIVERS, C.J., and ALLEN, J., concur.