591 So.2d 302 (1991)
GILLEY TRUCKING COMPANY and Georgia Casualty & Surety Company, Appellants,
v.
Elbie D. MORRELL, Appellee.
No. 90-3819.
District Court of Appeal of Florida, First District.
December 20, 1991.
*303 Sandra S. Hornsby, Haas, Boehm, Brown, Rigdon & Seacrest, Tallahassee, for appellants.
Thomas G. Morton, Jr., Pensacola, for appellee.
PER CURIAM.
Appellants challenge a workers' compensation order awarding the cost of construction of a conventional house modified to suit the claimant, a quadriplegic. We affirm.
The claimant suffered a compensable accident when he was struck in the head while working as a logger. He was rendered a permanent quadriplegic. Claimant's residence before the accident was not suitable for an individual in his condition. Therefore, appellants offered to purchase a lot and place on it an "Enabler II," a mobile home designed for wheelchair-bound individuals. After investigation, the claimant sought a conventional home as opposed to the Enabler II. Following a hearing, the JCC awarded a conventional home as designed by an architect retained by claimant at the price quoted by a contractor as indicated in the evidence.
On appeal, appellants argue that the offer of an "Enabler II" not only satisfies, but actually exceeds its duty under Florida law. As authority for this argument, appellants cite: Peace River Electric Corp. v. Choate, 417 So.2d 831 (Fla. 1st DCA 1982), rev. dismissed, 429 So.2d 7 (Fla. 1983), Ramada Inn South Airport v. Lamoureux, 565 So.2d 376 (Fla. 1st DCA 1990), Polk County Board of Commissioners v. Varnado, 576 So.2d 833 (Fla. 1st DCA 1991), and Skinner v. Florida Power Corp., 580 So.2d 615 (Fla. 1st DCA 1991). In Choate, a paraplegic claimant sought an "Enabler II," while the E/C offered to modify claimant's existing conventional home. Because it was found to be impossible to adequately modify the claimant's home, this court approved the JCC's award of the use of an "Enabler II" (the identical home voluntarily offered by the E/C in the case before us). In Lamoureux, this court affirmed the award of handicapped-equipped housing, but directed that the JCC's order be modified to provide that the E/C should be required to pay only the difference between the cost of the claimant's current apartment and the cost of an apartment or house fully equipped according to the specifications contained in the JCC's order. In Varnado, the JCC's award of a new, wheelchair-accessible home was reversed where there was no evidence that the claimant's existing home could not be modified as required. In Skinner, this court reversed an order by the JCC awarding to the claimant less than full reimbursement for the cost of making the home newly constructed by him wheelchair-accessible in lieu of granting a lien to the employer/self-insured.
Contrary to the interpretation suggested by appellants, we do not read the cited cases as establishing a rule that when an employee is rendered a paraplegic or quadriplegic as a result of a compensable industrial accident, the E/C's obligations to that employee are discharged by the offer of an "Enabler II" or its equivalent. The benefits to be provided are to be based upon the proof of what is medically necessary for a particular claimant. Section 440.13(2)(a), Florida Statutes (1989). Having reviewed the evidence presented to the JCC, we find that he acted within his discretion in concluding that the "Enabler II" offered by the appellants was not appropriate given the unique facts presented in this case. We emphasize, however, that we do not in any way suggest that an "Enabler II" or its equivalent would not be appropriate in another case.
Accordingly, we AFFIRM.
ERVIN, SMITH and ALLEN, JJ., concur.