BROWNING, J.,
concurs in part and dissents in part.
I concur with the majority as to all issues but the denial of the replacement van with a wheelchair lift to appellant, to which I dissent.
Appellant was rendered a quadriplegic in an industrial accident in 1991. Following the accident the carrier at that time purchased for appellant a van equipped with a wheelchair lift, together with other benefits such as an air conditioned, wheelchair-accessible residence. Appellant’s van and wheelchair lift deteriorated to a condition that the parties agree can best be remedied by a new van and wheelchair lift if appellant is entitled to a replacement van and wheelchair lift. However, faced with a new carrier, appellant’s demand for a new van and wheelchair lift was refused, and this litigation ensued. At trial, notwithstanding appellant’s quadriplegia, appellant introduced expert testimony that *973 his need for a van and wheelchair lift is a medical necessity. Appellees failed to adduce any evidence to refute such evidence, but relied on argument of their attorney and the discretion of the Judge of Compensation Claims. The Judge of Compensation Claims denied appellant’s claim for the van with wheelchair lift.
I believe the Judge of Compensation Claims abused her discretion and reversibly erred by denying a new van with a wheelchair lift to appellant. This court held in Fidelity & Casualty Co. of New York v. Cooper, 382 So.2d 1331, 1332 (Fla. 1st DCA 1980), that “[w]here an industrial accident necessitates modification or substitution of an automobile in order to accommodate a wheelchair or artificial member and to restore in part a claimant’s former ambidatory ability, such costs may be awarded as ‘other apparatus’ pursuant to section 440.13(1) Fla. Stat. (1989).” (Emphasis added). This standard has been applied to authorize the furnishing of wheelchair-accessible vans to claimants in numerous cases. See Polk County Board of Commissioners v. Varnado, 576 So.2d 833 (Fla. 1st DCA 1991); Ramada Inn South Airport v. Lamoureux, 578 So.2d 48 (Fla. 1st DCA 1991); Applegate Drywall Company v. Patrick, 559 So.2d 736 (Fla. 1st DCA 1990); Edgewood Boys’ Ranch Foundation v. Robinson, 451 So.2d 532 (Fla. 1st DCA 1984). In view of appellant’s recognized, visible, and undisputed quadriplegia, the undisputed expert medical testimony of appellant’s medical needs for a van with a wheelchair lift to restore in part his ambulatory ability, and appel-lees’ having previously furnished appellant with a van with a wheelchair lift, it seems incredible to me and a departure from reality for the Judge of Compensation Claims to deny a van with a wheelchair lift for appellant’s use. To do so on such facts is clearly an egregious abuse of discretion. Furthermore, the above referenced cases have not been overruled as a part of the en banc process of this court, or by the Florida Supreme Court, and I believe such cases are dispositive of the instant appeal.
Apparently, the numerous precedents of this court confused the Judge of Compensation of Claims. The conflict arises between the above referenced precedents and those relating to an employer’s duty to provide transportation to a claimant for medical treatment under § 440.13(5), Florida Statutes, as compared to § 440.13(2)(a), Florida Statutes, and the duty of the claimant to pay for non-com-pensable quality of life activity. See Kraft Dairy Group v. Cohen, 645 So.2d 1072 (Fla. 1st DCA 1994); Marlowe v. Dogs Only Grooming, 589 So.2d 990 (Fla. 1st DCA 1991). While the theories addressed in these cases make their application difficult in some situations, this is not one of them. Actually, the existence of industrial-caused quadriplegia obviates the need for medical evidence as to the necessity for a van with a wheelchair lift. See Aino’s Custom Slip Covers v. DeLucia, 533 So.2d 862 (Fla. 1st DCA 1988). Any reasonable person can clearly discern that appellant’s former ambulatory ability can be restored in part only by a van with a wheelchair lift. This is not, and I repeat “not,” a case where there can be any plausible argument to the contrary. Accordingly, those precedents relied upon by the appellees and the Judge of Compensation of Claims are clearly misapplied to the facts of this case, and general statements contained in such opinions that might imply to the contrary should have been ignored had proper analysis been applied by the Judge of Compensation of Claims. See Kraft; Marlowe.
For these reasons, I believe the Judge of Compensation Claims erred, and I would reverse the wrong done to appellant by denying him benefits to which he is so clearly entitled.