855 So.2d 1208 (2003)
ALL CLEAR LOCATING SERVICES, INC., and Royal & Sun Alliance, Appellants,
v.
William SHURRUM, Appellee.
No. 1D02-3267.
District Court of Appeal of Florida, First District.
October 13, 2003.
*1209 H. George Kagan, Esquire, Miller, Kagan, Rodriguez and Silver, P. A, West Palm Beach, for Appellants.
Randy Pelham, Esquire, Tallahassee and Bill McCabe, Esquire, Longwood, for Appellee.
PER CURIAM.
The appellants employer/carrier ("E/C") in this workers' compensation case appeals an order in which the judge of compensation claims ("JCC") found that appellee William Shurrum ("claimant") was in emergency need of suitable housing. The E/C does not contest this finding. Rather, the E/C contends that the JCC erred by requiring a number of specific terms, conditions, and a mechanism for enforcement to her order:
a. On behalf of the Claimant, the E/C shall lease a wheelchair-accessible and barrier-free mobile home from Easy Go, Inc., said home to be leased for a minimum of 18 months with an option to extend the lease for an additional 12-month period, depending on Claimant's recovery. Said home shall be owned and financed by Easy Go, Inc., but leased to the Carrier on Claimant's behalf and placed on the real property owned by Claimant and his Wife in Wewahitchka, Florida. The mobile home shall remain the property of Easy Go, Inc. during the term of the subject lease. The E/C shall pay the cost of a tenant insurance policy on behalf of the Claimant, naming Easy Go, Inc. as an additional insured/loss payee under said policy.
Said mobile home shall be 28' × 56' totaling 1500 square feet. The cost of the lease agreement shall include obtaining appropriate county permits for placement of such a home on Claimant's property, utility hookup, pouring of a state-approved permanent foundation, construction of two sets of ramps from each entrance/exit door adjoining the driveway, installation of a central air conditioner and heating unit.
...
c. The E/C shall provide confirmation to this court within fifteen (15) days that the above-ordered lease transaction has been initiated on behalf of Claimant.
We agree with the E/C that the JCC erred in requiring a number of inappropriate terms in her order, and we reverse in part as to those terms and conditions.

I. Background
The claimant was catastrophically injured in a vehicle rollover accident, which the E/C accepted as compensable. The claimant suffered a severe brain injury and continues to need considerable medical care and assistance. At a hearing to determine the claimant's need for suitable housing, the claimant's treating physician, Dr. Gary Kolarick, testified that the claimant's safety and health were at risk in his single-wide mobile home because it was not handicap-accessible and barrier-free.[1] The claimant is able to walk without assistance, *1210 but his balance is only fair and he becomes fatigued as the day goes on, making him more prone to falls. Dr. Kolarick testified that the claimant's condition could improve over the next several years, thus changing the claimant's need for suitable housing, but the doctor could not predict exactly how long recovery would take.
The E/C indicated at the hearing that it had been unable to find suitable housing in the area in which the claimant insisted on living, and that Easy Go, Inc. was one of the vendors it had consulted in its search. The JCC, in a conference call at the hearing and through a subsequent faxed list of questions with counsels' input, asked Easy Go what solutions it could provide, including specific terms. The JCC ordered the E/C to perform Easy Go's proposal.

II. Medical Necessity
The initial inquiry in determining the validity of any award of benefits in a workers' compensation case is whether there is a medical necessity for the awarded benefits. Polk County Bd. of Comm'rs v. Varnado, 576 So.2d 833, 837 (Fla. 1st DCA 1991). "The JCC should only award those medical benefits which are determined to be a medical necessity." Id. An E/C is usually only liable for expenses uniquely attributable to the compensable accident. Id. at 838. Therefore, "[a]bsent unique circumstances ... the carrier is not required to bear the costs of normal living expenses not necessitated by the accident." Id. A cost or expense for a service is medically necessary only if it facilitates recovery or if it mitigates the effects of the injury. Stables v. Rivers, 562 So.2d 784, 785 (Fla. 1st DCA 1990). The E/C contends that all of the terms and conditions attached to the JCC's order were not medically necessary. We agree with the E/C as to the provisions discussed below.
First, it is not medically necessary to require the E/C to do business with Easy Go. The record does not indicate that Easy Go is the only company that could provide suitable housing for the claimant. The use of a particular company cannot be said to be uniquely attributable to the claimant's accident in this case. Therefore, by including this provision in the order, the JCC erred.
Second, it is not medically necessary to require Easy Go to remain the owner and finance the mobile home. Accordingly, the JCC also erred in including this provision in the order.
Third, it is not medically necessary to require the claimant's new home to be 1,500 square feet. Dr. Kolarick, the only doctor to testify, made no mention of total square footage for the home. The only suggestion of 1,500 square feet came from the Easy Go representative. Therefore, the JCC erred by including the provision in the order.
Fourth, the provision requiring the E/C to enter into an eighteen-month lease with an option to extend the lease for twelve months was also error. There is no evidence that suggests that this specific term is somehow related to the claimant's condition or possible recovery time. Dr. Kolarick could not predict how long it would take the claimant to recover and did not indicate how much time the claimant likely would need before he was able to walk safely enough to no longer require the use of a wheelchair. Therefore, the JCC erred by including a provision in the order that required a specific lease term. See Fort v. *1211 Hood's Dairy, Inc., 143 So.2d 13, 16-17 (Fla.1962)(reversing an order that required medically necessary services for a period of time that could exceed what is actually medically necessary). It would have been more appropriate for the JCC to have directed the E/C to provide suitable housing to the claimant "for such period, as the nature of the injury or the process of recovery may require." Id.

III. Apportioning Medically Necessary Costs
Next, the E/C contends that the JCC erred in not apportioning the costs of providing suitable housing between the E/C and the claimant based on that portion of the housing cost that was medically necessary and that which was not. We agree. In Ramada Inn South Airport v. Lamoureux, 565 So.2d 376, 377 (Fla. 1st DCA 1990), this court held that an employer should only be responsible for the costs of making the home wheel-chair accessible, not for the total cost of the home. The E/C should be "responsibl[e] only for the difference between the cost of claimant's current apartment and the cost of an apartment or house fully equipped according to the specifications" required. Id.; see also Temps & Co. Servs. v. Cremeens, 597 So.2d 394, 397 (Fla. 1st DCA 1992)(holding that an employer was only responsible for the expenses associated with providing the medically required options of a vehicle). Similarly, in the instant case, the home itself was not medically necessary. Rather, only the modifications and equipment that allowed the home to be wheelchair-accessible and barrier-free were medically necessary. Therefore, the E/C should only be responsible for those costs that are associated with providing a wheelchair-accessible, barrier-free home for the claimant.[2]
The provision in the JCC's order requiring the E/C to pay all of the claimant's tenants' insurance was error as well. Home insurance is a normal living expense. See S. Indus. v. Chumney, 613 So.2d 74, 77 (Fla. 1st DCA 1993). Therefore, under Varnado, 576 So.2d 833, the E/C is only responsible for the cost of the tenants' insurance that exceeds the cost that the claimant would have incurred in insuring his prior residence. See Chumney, 613 So.2d at 77.

IV. The Enforcement Provision
Finally, the E/C argues that the requirement in the JCC's order for it to confirm within fifteen days that the lease transaction had been initiated on behalf of the claimant encroaches on the self-executing nature of workers' compensation law, citing Ramada Inn South Airport v. Lamoureux, 578 So.2d 48 (Fla. 1st DCA 1991). We disagree. In Lamoureux, this court stated that the JCC's order requiring attendant care until further order of the JCC was an encroachment of the self-executing nature of workers' compensation law because the JCC was put in the position of supervising the future care of the claimant. Id. at 49. In the instant order, however, the JCC was supervising the E/C's compliance with her order rather than supervising the medical care of the claimant. Workers' compensation law and procedure allow JCCs to enforce their own *1212 orders. See § 440.33(1), Fla. Stat. (2001); Fla. R. Work. Comp. P. 4.150.

V. Conclusion
We hold that the JCC erred in including provisions in the order requiring (i) the E/C to do business with Easy Go, Inc., (ii) Easy Go to remain the owner and finance the mobile home, (iii) the new home to be 1,500 square feet, and (iv) the E/C to enter into a lease for eighteen months with an option to extend the lease by twelve months. These provisions were not medically necessary.
The JCC also erred in failing to properly apportion costs between the E/C and the claimant based on that portion of the housing cost and related tenant's insurance that was medically necessary and that which was not. In all other respects, we affirm the order.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, LEWIS and POLSTON, JJ., concur.
NOTES
[1] Because claimant's single-wide mobile home could not be modified to be wheelchair-accessible and barrier-free, the E/C had provided cost-free housing to the claimant from the date of the accident until the date of the hearing.
[2] Peace River Elec. Corp. v. Choate, 417 So.2d 831, 832 (Fla. 1st DCA 1982)(cautioning that "only extreme cases of disability might warrant such extraordinary relief" and that its decision "should not be loosely interpreted by practitioners"), and Gilley Trucking Co. v. Morrell, 591 So.2d 302, 303 (Fla. 1st DCA 1991), cited by the claimant, are not applicable because the claimants in those cases were more extremely and permanently disabled.