859 So.2d 1247 (2003)
CEM ENTERPRISES, INC., d/b/a Sunshine Painting, and United Self Insured Services, Appellants,
v.
Paul THOMPSON, Appellee.
No. 1D02-2172.
District Court of Appeal of Florida, First District.
November 17, 2003.
*1248 Thomas A. Moore, Kevin S. Murphy, and Michael L. Peterson of Moore, Peterson & Zeitler, P.A., Orlando, for Appellants.
Mark N. Tipton and Daniel L. Hightower of Daniel L. Hightower, P.A., Ocala, for Appellee.
ERVIN, J.
The employer and its servicing agent (E/SA), CEM Enterprises, Inc., d/b/a Sunshine Painting, and United Self Insured Services, assert legal error in the award of a handicap-accessible, full-size van to claimant, Paul Thompson. Nevertheless, this court's standard of review is whether there is competent, substantial evidence (CSE) to support the finding that the van is medically necessary. Because there is CSE in the form of Dr. Creamer's and Dr. Horn's testimony, as well as that of those who evaluated claimant's current vehicle, we affirm the award.
Having determined that the van is medically necessary, the judge of compensation claims properly denied the E/SA's request for an offset or credit based on the value of claimant's current vehicle. As explained in Applegate Drywall Co. v. Patrick, 559 So.2d 736 (Fla. 1st DCA 1990), the award of medically necessary medical apparatus under section 440.13(2)(a), Florida Statutes (2000), is not apportionable. This is not a case such as Temps & Co. Services v. Cremeens, 597 So.2d 394 (Fla. 1st DCA 1992), where only an automatic transmission and power steering are medically necessary. Rather, the entire van is medically required.
As for the issues claimant raised on cross-appeal, we likewise affirm. Although claimant's wife, who provides the attendant care, is a licensed practical nurse, and she received additional training to help her care for claimant, there is record support for the JCC's finding that only nonprofessional attendant care is medically required; therefore, the limitations set forth in section 440.13(2)(b) apply.
AFFIRMED.
ALLEN and LEWIS, JJ., concur.