558 So.2d 108 (1990)
Harold DELONG, Appellant,
v.
3015 WEST CORPORATION, and Rockwood Insurance Company, Appellees.
No. 89-1617.
District Court of Appeal of Florida, First District.
March 5, 1990.
Randall O. Reder, Tampa and Stephen L. Rosen of Morris & Rosen, P.A., Tampa, for appellant.
Rex A. Hurley of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellees.
ERVIN, Judge.
In this workers' compensation appeal, claimant, who was rendered permanently *109 and totally disabled as a result of a compensable back injury, subsequently sought as a benefit lawn care service, which was denied. Although claimant presented testimony from his treating physician to the effect that it was medically necessary for someone other than claimant to mow his yard, the physician admitted that avoiding yard work would not improve claimant's condition or aid his recovery. Because there is competent, substantial evidence to support the judge's finding that lawn care service is not "medically necessary"[1] for treatment of claimant's injury, the order denying the claim is
AFFIRMED.
WIGGINTON, J., concurs.
WENTWORTH, J., concurs with written opinion.
WENTWORTH, Judge, concurring.
I agree with the majority's conclusion that the judge properly determined that lawn care service is not awardable as a medical benefit in the circumstances of this case. However, I do not agree with the apparent recited standard that such benefit may not be awarded where it "would not improve claimant's condition or aid his recovery," by treatment of his injury. Section 440.13(2)(a), Florida Statutes, authorizes the award of such medically necessary services "as the nature of the injury or the process of recovery may require... ." By this disjunctive phrasing the statute thus embraces services required by the nature of the injury, as well as those which would improve claimant's condition, further the process of recovery, or meet the medical need standards for treatment. But because the record in the present case establishes none of these criteria with regard to the requested law care service, the claim for this benefit was properly denied.
NOTES
[1] See §§ 440.13(1)(c), 440.13(2)(a), Fla. Stat. (1983).