613 So.2d 74 (1993)
SOUTHERN INDUSTRIES, et al., Appellants,
v.
Robert CHUMNEY, Appellee.
No. 91-4081.
District Court of Appeal of Florida, First District.
January 21, 1993.
Rehearing Denied March 5, 1993.
*75 Ellen Kast, Lorenzen & House, Tampa, for appellants.
Susan W. Fox, MacFarlane, Ferguson, Tampa and H. Guy Smith, H. Guy Smith, P.A., Lakeland, for appellee.
PER CURIAM.
Claimant, Robert Chumney, was injured on April 25, 1977, in the course and scope of his employment with appellee Southern Industries when he fell from a catwalk, the fall resulting in almost complete paralysis. Claimant has been receiving worker's compensation benefits since that time, and filed an amended claim for benefits on January 18, 1990. Following a hearing on the claim, the judge of compensation claims (JCC) issued an order awarding numerous and varied types of compensation to be discussed herein. Of the several issues raised on appeal, we decline to discuss those which we deem to be without merit. We will discuss the propriety of the JCC's awards of compensation for the following items: (1) services of a qualified life care planner, Dr. Deutsch; (2) basic utility service from November 1983; (3) basic telephone service from November 1983; (4) home maintenance, including janitorial services, from November 1983; (5) maintenance of claimant's specially equipped van from March 1986; (6) insurance on the van from 1982; (7) reimbursement for the cost of a running board installed on the van; (8) American Automobile Association dues; (9) lawn maintenance from July 23, 1986; (10) home air conditioning maintenance from December 1987; (11) insurance on claimant's house from 1982; and, (12) miscellaneous expenses.
In 1983, the e/c built a three bedroom, two bath house for claimant on claimant's land. The house was built to accommodate claimant's special needs. Claimant lives there with his wife and sister-in-law, Ms. Tedder. Claimant has been furnished attendant care through nursing staff and his wife. Claimant's wife was 77 years old at the time of the hearing and reportedly in ill health.
Claimant's primary care physician, Dr. Shea, testified that claimant requires air conditioning at home because he cannot maintain his body temperature due to his quadriplegia. Claimant requires basic telephone service for communication regarding his medical problems, and must have a clean, dust-free and odor-free environment *76 so as not to aggravate his sensitive pulmonary condition. The environment outside claimant's home should also be reasonably clean.
Dr. Paul Deutsch is a rehabilitation counselor and rehabilitation psychologist. Dr. Deutsch reviewed claimant's medical records and visited claimant's home for several hours on one occasion to formulate a "life care plan". The total bill for Dr. Deutsch's services came to $5,647.33. Nurse Hill testified that she reviewed the life care plan and stated that claimant either had or did not want all the items listed on the plan. Dr. Deutsch testified that his services were reasonable and necessary.
A claimant such as Mr. Chumney may be eligible for a variety of benefits which may be deemed "medically necessary," such as a specially equipped vehicle or home.
After an item has been determined to be medically necessary, an E/C may be required to provide for insurance and major maintenance for the facility to assure its continued availability. The law does not require the E/C to be responsible for all expenses of operation, although costs uniquely attributable to the provision of a facility or service which is necessitated by an accident and found to be medically necessary, may be awarded. Absent unique circumstances, however, the carrier is not required to bear the costs of normal living expenses not necessitated by the accident... . Utilities are generally considered basic necessities in every home in our society, and a claimant will have a difficult time demonstrating that necessity for such items is caused by the compensable accident such that they could be properly awarded as medical benefits.
Polk County Board of Commissioners v. Varnado, 576 So.2d 833, 838 (Fla. 1st DCA 1991) (citations omitted).
In the present case, the benefits awarded by the JCC fall into three broad categories: expenses related to claimant's specially equipped van; home expenses; and, life care planning expenses. Each will be addressed as follows.

VAN
Insurance and maintenance  On the facts of a given case, a claimant may be entitled only to the cost of modifying his or her present vehicle to accommodate the worker's disability. See e.g., Temps & Company Services v. Cremeens, 597 So.2d 394 (Fla. 1st DCA 1992). In the present case, however, in light of claimant's quadriplegia, we find the provision of a specially equipped vehicle to be a nonapportionable medically necessary benefit. See Applegate Drywall Company v. Patrick, 559 So.2d 736 (Fla. 1st DCA 1990). Accordingly, the cost of insurance for claimant's specially equipped van and maintenance expenses for the van are likewise nonapportionable. Therefore, we affirm the JCC's order as it pertains to the van's insurance and maintenance, past and continuing.
Running board  We find competent, substantial evidence to support the JCC's finding that installation of a running board on claimant's van was a medically necessary benefit as to claimant. Although the running board was installed as a convenience to claimant's wife, the wife is an attendant care provider who requires the running board to enable her to care for claimant's medical needs. Therefore, we affirm the JCC's order as it pertains to an award for the cost of installation of the running board.
American Automobile Association dues  Because the medical testimony showed that claimant's disability encompasses the inability to maintain a proper body temperature, claimant would be presented with a health risk in the event that his vehicle were to become disabled on the highway. Because of claimant's particular vulnerability, we find that membership in the American Automobile Association should be considered a medically necessary benefit. Therefore, we affirm the JCC's award of past and continuing membership in the AAA.

HOME EXPENSES
Air conditioning maintenance  The uncontroverted testimony showed that *77 claimant requires an environment controlled as to temperature and humidity. As shown by this testimony, maintenance of home air conditioning is a medically necessary benefit for this claimant. We therefore affirm the JCC's order as it pertains to an award for the cost of air conditioning maintenance, past and continuing.
Telephone expenses  We find competent, substantial evidence to support the JCC's finding that claimant requires telephone service as a medical necessity. Therefore, we affirm the JCC's award as it pertains to past and continuing telephone service, and note that the JCC has awarded such benefits in accordance with the formula approved in Varnado (basic monthly service for one telephone).
Electric service  Claimant is undoubtedly entitled to payment for that cost of electric service "uniquely attributable" to his medical condition. The JCC erred, however, in awarding claimant the balance of claimant's electric bill from November 1983 through March 1991, not previously reimbursed by the e/c.[1] We reverse the JCC's award of $34.01 per month for the period November 1983 through March 1991. Furthermore, we must vacate the JCC's continuing award for reimbursement of claimant's "entire utility expense" and remand this issue to the JCC for further proceedings aimed at determining what portion of claimant's electric service is uniquely attributable to his compensable condition. Claimant is entitled only to that portion of his electric bill uniquely attributable to his medical condition.
Garbage collection  Although claimant produced evidence demonstrating the cost of garbage collection for the period November 1983 through March 1991, there is no competent, substantial evidence in the record to even remotely suggest that the cost of garbage collection (or any portion thereof) is uniquely attributable to claimant's condition. The cost of garbage collection is an ordinary living expense, no portion of which may be deemed attributable to claimant's condition on the present record. Therefore, the JCC's award for the cost of garbage collection, past and continuing, is reversed.
Maid service and cleaning supplies  There exists competent, substantial evidence to show that due to his respiratory problems, claimant must live in a relatively dust-free and odor-free environment. Thus, the cost of maid service and cleaning supplies may be awarded as a medical benefit. We affirm the JCC's award for past and continuing maid service (twice monthly) and cleaning supplies.
Home insurance  The JCC erred in awarding reimbursement for the cost of home insurance, past and continuing. Home insurance is a normal living expense. Claimant is entitled to reimbursement for the cost of home insurance only to the extent that such would exceed the cost of insuring claimant's prior residence. We vacate the JCC's order as it pertains to this issue and remand for further proceedings aimed at determining what portion of claimant's home insurance expenses are uniquely attributable to his condition.
Lawn service  There exists competent substantial evidence to show that the environment outside claimant's home should be reasonably well cared for. We affirm the JCC's award for lawn care, past and continuing.
Miscellaneous expenses  The JCC awarded payment for the following miscellaneous expenses: well service; window tinting; driveway sealcoat; clean drains; repair bathroom lights; replace smoke detector; repair air conditioner. Of these, the award for air conditioner repair is duplicative of the award for past air conditioning repairs noted above, and must be reversed on that basis. We affirm the JCC's award only as it pertains to the driveway sealcoat (necessary for smooth wheelchair travel) and smoke detector (necessary for safety reasons, analogous to "AAA" above). We reverse the JCC's *78 award as it pertains to the remaining miscellaneous items which we find unrelated to claimant's condition.

LIFE CARE PLANNING
Services of Dr. Deutsch  Dr. Deutsch is a rehabilitation counselor and rehabilitation psychologist. The JCC erred in ordering the e/c to pay for the services of Dr. Deutsch as all of the benefits awarded below and sustained on appeal could have been supported at hearing by the testimony of claimant and his primary care physician. The services of Dr. Deutsch were not reasonably necessary to the procurement of benefits. Therefore, we reverse the JCC's order as it pertains to the services of Dr. Deutsch.
In all other respects, the JCC's order is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH, BARFIELD and MINER, JJ., concur.
NOTES
[1] The parties had a prior agreement that the e/c would pay for claimant's electric bill with the exception of $34.01 per month, such sum representing claimant's average monthly electric bill for the five month period preceding his industrial accident.