619 So.2d 14 (1993)
FREDERICK ELECTRONICS and Royal Insurance Company, Appellants,
v.
Clyde PETTIJOHN and Mary Jane Pettijohn, Appellees.
No. 92-284.
District Court of Appeal of Florida, First District.
May 7, 1993.
Rehearing Denied June 25, 1993.
*15 Dana G. Andrews, Smith and Andrews, Tampa, for appellants.
Susan W. Fox, MacFarlane, Ferguson, Allison & Kelly, Tampa, H. Guy Smith, Lakeland, for appellees.
MICKLE, Judge.
This appeal is from a workers' compensation order awarding, inter alia, attendant care benefits, reimbursement for utilities, payment to a rehabilitation specialist for development of a life care plan, and payment of lawn care. We affirm in part and reverse in part.
On March 15, 1990, Clyde Pettijohn severely injured his back in the course and scope of his employment with Frederick Electronics. Following surgery, Pettijohn was admitted to the Lucerne Spinal Rehabilitation Center, where he was diagnosed as quadriplegic. The staff at the Lucerne Center instructed Mrs. Pettijohn on quadriplegic care. When Pettijohn returned home, his wife helped care for him, although she maintains full-time employment as she did before the accident.
Pettijohn filed for workers' compensation benefits. After a number of benefits were provided and stipulations were made, a hearing was conducted on the issues of attendant care performed by Pettijohn's wife, reimbursement to a rehabilitation counselor and psychologist  Dr. Deutsch  for development of a life care plan, reimbursement and future payment of utility expenses, and lawn maintenance.
Regarding attendant care, counsel for Frederick Electronics and its workers' compensation insurance carrier (e/c) agreed to pay Mrs. Pettijohn the federal minimum wage for twelve hours per day from July 17 until August 4, 1990, after which Pettijohn was provided attendant care twentyfour hours a day by the e/c from an outside service named Allied Medical Services. Counsel for Pettijohn argued that Mrs. Pettijohn should be paid for attendant care after August 4, and should be paid more than the minimum wage for all periods.
Section 440.13(2)(e), Florida Statutes (1989), states in part:
The value of nonprofessional attendant or custodial care provided by a family member shall be determined as follows:
1. If the family member is not employed, the per hour value shall be that of the federal minimum wage.
2. If the family member is employed and elects to leave that employment to provide attendant or custodial care, the per hour value of that care shall be at the per hour value of such family member's former employment, not to exceed the per hour value of such care available in the community at large. In no event shall a family member providing nonprofessional attendant or custodial care pursuant to this paragraph be compensated for more than 12 hours per day.
The judge of compensation claims (JCC) awarded the following benefits: (1) The e/c shall pay Pettijohn's entire water, sewer and electric bills because of the extra water and power needed for laundry, mechanized *16 aids, temperature control and showers, as well as the extra consumption of the twenty-four-hour-a-day attendants. The JCC found there is no basis upon which to apportion the water bill. (2) "[T]he life care plan performed by Dr. Deutsch [is] reasonable, medically necessary, and appropriate under the circumstances of the claimant's case." The e/c were thus ordered to pay Dr. Deutsch's bill. (3) Mrs. Pettijohn shall be awarded attendant care benefits beginning November 7, 1990, for 2.5 hours per day for the services she provides her husband. Prior to that date, and beginning August 6, 1990 (when 24-hour per day care from Allied began), Mrs. Pettijohn shall be awarded attendant care benefits for 3.7 hours per day, which represents 2.5 hours for attendant care plus 1.2 hours for the extra time she spent orienting health care aides before Allied transferred her case to Orlando. The JCC further found that Mrs. Pettijohn qualifies as a professional attendant. Therefore, section 440.13(2)(e) does not apply, and the e/c must pay Mrs. Pettijohn $6.00 per hour, which is the rate for other caregivers in the area. (4) Mowing and lawn care is reasonably and medically necessary, and the e/c must therefore pay for lawn care from the date of the accident and continuing.
We affirm the award of lawn care. Dr. Shea, who is the treating physician, testified that a clean yard is necessary. Therefore, "[t]here exists competent substantial evidence to show that the environment outside claimant's home should be reasonably well cared for. We affirm the JCC's award for lawn care, past and continuing." Southern Industries v. Chumney, 613 So.2d 74 (Fla. 1st DCA 1993).
We reverse the award of utility bills and remand for further proceedings to determine what portion of the utility bills is uniquely attributable to Pettijohn's condition. Relying on Polk County Board of Comm'rs v. Varnado, 576 So.2d 833 (Fla. 1st DCA 1991), this court recently held
we must vacate the JCC's ... award for reimbursement of claimant's `entire utility expense' and remand this issue to the JCC for further proceedings aimed at determining what portion of claimant's electric service is uniquely attributable to his compensable condition. Claimant is entitled only to that portion of his electric bill uniquely attributable to his medical condition.
Chumney, 613 So.2d at 74. The same principle which applied to the electric bill in Chumney applies to all the utilities awarded in the instant case. Therefore, we remand for the JCC to make a determination on this issue consistent with the reasoning in Chumney.
Dr. Deutsch does not meet the requirements of a "health care provider." Chapter 440 requires that an e/c furnish remedial care and attendance only if medically necessary and only by a health care provider. Section 440.13(2)(a), Florida Statutes (1989). A health care provider is "a physician or any recognized practitioner who provides skilled services pursuant to the prescription of or under the supervision or direction of the physician." Section 440.13(1)(b), Florida Statutes (1989). The term "physician" refers only to one who is licensed in Florida. Section 440.13(1)(f), Florida Statutes (1989). Dr. Deutsch is not a physician licensed in Florida, nor was he providing services under the supervision or direction of a physician. Therefore, Dr. Deutsch does not qualify as a health care provider and the e/c are not responsible for his services under section 440.13(2)(a).
Regarding attendant care, the e/c do not dispute the 1.2 hours per day of attendant care benefits awarded for the period from August 6 through November 6, 1990. However, the 2.5 hours per day of attendant care benefits from August 6, 1990, and continuing must be reversed. "[A]ttendant care benefits are not properly due the [claimant's] spouse for those periods when the claimant is being cared for by an attendant, therapist or nurse provided and paid for by the E/C." Aino's Custom Slip Covers v. DeLucia, 533 So.2d 862, 866 (Fla. 1st DCA 1988), rev. den., 544 So.2d 199 (Fla. 1989). Therefore, the JCC's award of 2.5 hours per day of attendant care benefits to Mrs. Pettijohn was improper, *17 given that the e/c provide continuous attendant care from Allied.
The final issue raised on appeal is whether the JCC erred by awarding attendant care benefits at the market rate of $6.00 per hour. The e/c argue that the rate should be set at the federal minimum wage pursuant to section 440.13(2)(e). We affirm the payment of the market rate for Mrs. Pettijohn's attendant care of her husband based on Buena Vida Townhouse Ass'n v. Parciak, 603 So.2d 26 (Fla. 1st DCA 1992). In Parciak this court held that section 440.13(2)(e) does not apply to attendant care by a family member who maintains employment, and the e/c are obligated to pay for the family member's services at the prevailing market rate where the family member is able to provide attendant care without reducing her hours of employment. There is competent, substantial evidence to support the finding that the prevailing market rate for Mrs. Pettijohn's services is $6.00 per hour.
Accordingly, we affirm the award of payments for lawn care and 1.2 hours per day of attendant care benefits at the rate of $6.00 per hour. We reverse the award for the remaining 2.5 hours of attendant care benefits and for reimbursement of Dr. Deutsch's development of a life care plan. Finally, we reverse the award of the entire amount of Pettijohn's utility bills and remand for a determination of what portion of Pettijohn's utility bills are uniquely attributable to his compensable medical condition.
AFFIRMED in part, REVERSED in part and REMANDED.
ALLEN, J., and JORGENSON, J.R., Associate Judge, concur.