IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

AT&T COMMUNICATIONS
and SEDGWICK CMS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellants,

v.

CASE NO. 1D16-3971

VICTORIA MURRAY ROSSO,

    Appellee.

_____/

Opinion filed May 2, 2017.

An appeal from an order of Judge of Compensation Claims.
Geraldine B. Hogan, Judge.

Date of Accident: February 10, 1989.

Thaddeus A. Harrell of Hinshaw & Culbertson LLP, Fort Lauderdale, for
Appellants.

Barbara B. Wagner of Wagenheim & Wagner, P.A., Fort Lauderdale, and Richard
B. Berman of Richard B. Berman, P.A., Lauderhill, for Appellee.

PER CURIAM.

The Employer/Carrier (E/C) in this workers' compensation case challenges

the Judge of Compensation Claims' (JCC's) award of claims for authorization of

lawn care, home renovations, attendant care for at least four hours per day, and an

evaluation and treatment by a podiatrist together with the authorization of a custom AFO brace and an evaluation of the need for specialized shoes. We affirm the award for lawn care because competent, substantial evidence (CSE) supports the JCC's finding that such care will improve Claimant's compensable conditions of depression and anxiety. See Delong v. 3015 W. Corp., 558 So. 2d 108 (Fla. 1st DCA 1990) (affirming JCC's finding of no medical necessity for lawn care where physician admitted that such care would not improve claimant's condition or aid in his recovery). We also affirm the awards for attendant care, a podiatrist, an AFO brace, and evaluation of the need for specialized shoes because the E/C have shown no error in the JCC's determination that the E/C forfeited the right to contest medical necessity for these items by failing to timely respond to a written request by an authorized health care provider. See § 440.13(3)(d), Fla. Stat. (2016). But we reverse the award for home renovations for the reasons that follow.

In workers' compensation, the E/C may be responsible for providing an accessible living environment under the statutory requirement for the furnishing of "medically necessary apparatus." See Timothy Bowser Constr. Co. v. Kowalski, 605 So. 2d 885, 888 (Fla. 1st DCA 1992) (citing § 440.13(2)(a), Fla. Stat. (Supp. 1988); Diamond R. Fertilizer v. Davis, 567 So. 2d 451, 455 (Fla. 1st DCA 1990); Aino's Custom Slip Covers v. DeLucia, 533 So. 2d 862 (Fla. 1st DCA 1988)).

2

Thus, the issue here is whether the record contains CSE to support a finding of medical necessity for the specific home renovations that were awarded by the JCC.

Claimant, who was seventy-three years of age at the time of the final hearing, sustained a workplace injury to her low back on February 10, 1989. Following authorized spinal fusion surgery in 2014, Claimant developed a dropped foot. She currently uses a cane to ambulate and reports problems with balance and frequent falls. Claimant subsequently hired Ms. Litwin, a registered nurse with rehabilitation experience and training, to prepare a home assessment. In the home assessment report that followed, Ms. Litwin made numerous recommendations for home renovations including ramp access, outdoor motion sensor lighting, door widening, smooth flooring, and kitchen/bathroom modifications. In the order on appeal, the JCC awarded all the home renovations recommended by Ms. Litwin.

In support of her finding of medical necessity for the renovations, the JCC stated she relied on certain evidence from the treating psychologist and pain management physician as well as testimony from an unauthorized orthopedic surgeon. But the evidence identified by the JCC does not constitute CSE of the medical necessity for the numerous home renovations awarded here. For example, the cited report from the authorized psychologist contains a recommendation identified only as "per home study," which imparts no information whatsoever about the medical necessity of any particular home renovation. The JCC also improperly

3

relied on the testimony from the orthopedic surgeon who only stated that he agreed with some of the suggestions in the home assessment report, but never identified which ones.

Furthermore, the JCC misplaced her reliance on the pain management physician's apparent deference to the opinions of Ms. Litwin. Ms. Litwin's opinion testimony, while arguably sufficient to show how a properly accessible environment may be provided, is insufficient to establish the medical necessity for the specific accommodation or assistance because she is not a physician. In this way, this case is analogous to DeLucia. In DeLucia, the JCC placed Lawrence Forman & Associates, a rehabilitation company, in charge of the claimant's rehabilitation, home modification, vehicle purchase, and further medical care. 533 So. 2d at 864. The only supporting evidence for the award was the testimony of Lawrence Forman himself. This Court reversed the sweeping scope of award, for all but the award of rehabilitative oversight, based on the finding that "although Forman was apparently competent to testify concerning his rehabilitation services, his testimony was not sufficiently substantial to provide the sole support for such a far ranging award. . . ." Id. at 863-84.

Even assuming that the authorized pain management physician here could properly defer to Ms. Litwin regarding the medical necessity of any home renovations, it is not entirely clear that he did so. He was never really questioned

4

about the specific home renovations, and when asked generally about Ms. Litwin's recommendations, he responded that he believed a re-evaluation was indicated with the approval of the authorized orthopedic surgeon who performed Claimant's surgery. The JCC, however, did not attempt to reconcile this testimony with her finding that the pain management physician deferred to the existing recommendations from Ms. Litwin.

Finally, we note that the JCC originally found insufficient evidence of medical necessity for the home renovations, but upon rehearing reversed her finding based on Claimant's argument that a liberal construction in her favor should apply to this 1989 date of accident.* A liberal construction, however, does not mean the JCC must give a claimant the "benefit of the doubt" in weighing conflicting evidence or ignore evidence indicating a claimant is not entitled to benefits. See Uniweld Prods., Inc. v. Lopez, 511 So. 2d 758 (Fla. 1st DCA 1987). Here, the JCC's

---

* In 1990, the legislature adopted language stating that neither the facts nor the law is to be liberally construed in favor of either party. § 440.015, Fla. Stat. (1990). This Court previously determined that it was unnecessary to decide if this language had any retroactive effect because the statute was "directed to precluding a [JCC] from giving a 'benefit of the doubt'" to either party "when drawing inference from predicate facts, a practice heretofore condemned by this court in Uniweld Prods., Inc. v. Lopez, 511 So. 2d 758 (Fla. 1st DCA 1987)." Schafrath v. Marco Bay Resort, Ltd., 608 So. 2d 97, 104 (Fla. 1st DCA 1992). Essentially, the Schafrath court found that the 1990 amendment did not change the existing law. In any event, we do not need to address the reactivity of the 1990 amendment because the E/C have not argued its application here.

5

explanation for changing her original ruling certainly suggests that she reconsidered the evidence with the assumption that Claimant should be given the "benefit of the doubt." It is unnecessary to address that potential error because the evidence ultimately relied upon by the JCC does not constitute CSE of the requisite medical necessity in support the award of home renovations.

Accordingly, we AFFIRM in part the order below, but REVERSE the award of home renovations.

LEWIS and B.L. THOMAS, JJ., CONCUR; ROWE, J., CONCURS IN RESULT WITH OPINION.

6

ROWE, J., concurring in result.

Under the law in effect for this date of injury, Claimant is entitled to medically necessary remedial treatment, care, and attendance, as well as professional or nonprofessional custodial care, as the nature of the injury may require. See § 440.13(2)(a)-(b), Fla. Stat. (1989). The applicable case law establishes that lawn care services may be awardable under this statutory authority if the medical evidence shows that a claimant's injury will improve with the provision of services. See Delong v. 3015 W. Corp., 558 So. 2d 108 (Fla. 1st DCA 1990) (affirming denial of lawn care services where medical evidence did not establish that avoiding yard work would improve claimant's compensable back injury); see also S. Indus. v. Chumney, 613 So. 2d 74, 77 (Fla. 1st DCA 1993) (affirming award of lawn care where claimant's medical needs included dust-free environment); Polk Cty. Bd. of Comm'rs v. Varnado, 576 So. 2d 833, 839 (Fla. 1st DCA 1991) (affirming the JCC's finding of no evidence of medical necessity for lawn care under Delong). It is this standard of medical necessity that distinguishes such services from the "quality of life" benefits that are not awardable as medical benefits and are more properly addressed through indemnity payments. See, e.g., Marlowe v. Dogs Only Grooming, 589 So. 2d 990 (Fla. 1st DCA 1991) (holding that supportive services, such as driving claimant to various non-medical places, constitute "quality of life" activities indemnified under disability compensation rather than attendant care).

7

Thus, it is not sufficient for a claimant to show that the provision of lawn care services will be beneficial to the claimant's overall well-being; rather, lawn care services may be awarded only when those benefits are medically necessary and will aid in the claimant's recovery or improve his or her compensable injury. Delong, 558 So. 2d at 109.

Here, the authorized treating pain management physician testified that Claimant's compensable back injury would not be improved by avoiding lawn care activities. The only testimony regarding the medical necessity for the lawn care services came from Claimant's authorized treating psychologist who opined that a well-maintained lawn is likely to improve Claimant's compensable depression and anxiety. However, this testimony did not constitute competent, substantial evidence of the medical necessity of the lawn care services. Because the psychologist is not a "physician" or "doctor" under the statute, she was not competent to testify as to medical necessity. See § 440.13(1)(b), Florida Statutes (1989) (limiting the definition of "physician" to physicians licensed under chapter 458, duly licensed osteopaths, chiropractors, podiatrists, optometrists, and dentists). However, no objection was raised on that basis; thus, any challenge to her qualification to express a medical opinion has not been preserved. For this reason, I concur in the result reached by the majority in this case.