ROWE, J.,
concurring in result.
Under the law in effect for this date of injury, Claimant is entitled to- medically necessary remedial treatment, care, and attendance, as well as professional or nonprofessional custodial care,, as the nature of the injury may require. See § 440.13(2)(a)-(b), Fla. Stat. (1989). The applicable case law establishes that lawn care services may be awardable under this statutory authority if the medical evidence shows that a claimant’s injury will improve with the provision of services. See Delong v. 3015 W. Corp., 558 So.2d 108 (Fla. 1st DCA 1990) (affirming denial of lawn care services where medical evidence did not establish that avoiding yard work would improve claimant’s compensable back injury); see also S. Indus. v. Chumney, 613 So.2d 74, 77 (Fla. 1st DCA 1993) (affirming award of lawn care where claimant’s medical needs included dust-free environment); Polk Cty. Bd. of Comm’rs v. Varnado, 576 So.2d 833, 839 (Fla. 1st DCA 1991) (affirming the JCC’s finding of no evidence of medical necessity for lawn care under De-long). It is this standard of medical necessity that distinguishes such services from the “quality of life” benefits that are not awardable as medical benefits and are more properly addressed through indemnity payments. See, e.g., Marlowe v. Dogs Only Grooming, 589 So.2d 990 (Fla. 1st DCA 1991) (holding that supportive services, such as driving claimant to various non-medical places, constitute “quality of life” activities indemnified under disability compensation rather than attendant care). Thus, it is not sufficient for a claimant to show that the provision of lawn care services will be beneficial to the claimant’s overall well-being; rather, lawn care services may be awarded only when those benefits are medically necessary and will aid in the claimant’s recovery or improve his or her compensable injury. Delong, 558 So.2d at 109.
Here, the authorized treating pain management physician testified that Claimant’s compensable back injury would not be improved by avoiding lawn care activities. The only testimony regarding the medical necessity for the lawn care services came from Claimant’s authorized treating psychologist who opined that a well-maintained lawn is likely to improve Claimant’s compensable depression and anxiety. However, this testimony did not constitute competent, substantial evidence of the medical necessity of the lawn care services. Because the psychologist is not a “physician” or “doctor” under the statute, she was not competent to testify as to medical necessity. See § 440.13(l)(b), Florida Statutes (1989) (limiting the definition of “physician” to physicians licensed under chapter 458, duly licensed osteopaths, chiropractors, podiatrists, optometrists, and dentists). However, no objection was raised on that basis; thus, any challenge to her qualification to express a medical opinion has not been preserved. For this *1187 reason, I concur in the result reached by the majority in this case.