PER CURIAM.
Appellants, Washington Correctional Institution and York STB (employer/carrier and servicing agent), appeal an order of the JCC awarding Claimant, Joan Gross, a number of medical benefits. Appellants raise a number of issues on appeal, however, we find only one has merit. Because we conclude the JCC’s finding that the heating pad and oxygen supplementation were medically necessary to treat the appellant’s condition is not supported by competent, substantial evidence, we reverse the order to the extent it awards those benefits. We otherwise affirm the order.
“The JCC should only award those medical benefits which are determined to be a medical necessity.” Polk County Bd. of Comm’rs v. Varnado, 576 So.2d 833 (Fla. 1st DCA 1991). The standard of review in a workers’ compensation case as to the medical necessity of awarded benefits is whether competent, substantial evidence supports the JCC’s ruling. See CEM Enters., Inc. v. Thompson, 859 So.2d 1247 (Fla. 1st DCA 2003). In the instant case there was no'testimony in the record indicating that the heating pad was medically necessary to treat Claimant’s conditions. Additionally, the Claimant’s treating physician testified that oxygen supplementation would not be helpful or effective in treating her conditions. Thus, competent, substantial evidence does not exist to support the JCC’s finding that the heating pad and oxygen supplementation were medically necessary to treat Claimant’s conditions. Accordingly, we reverse the order to the extent it directs Appellants to reimburse Claimant for the heating pad, nasal cannula and oxygen rental. In all other respects the order is affirmed.
AFFIRMED IN PART AND REVERSED IN PART.
BROWNING, C.J., BENTON and LEWIS, JJ., concur.