DAVIS, Judge.
In this case Winn Dixie Stores and Crawford & Company, employer and carrier respectively, appeal an emergency order awarding Karen Frank, the claimant, 24-hour a day attendant care. As the JCC’s order acknowledges, and the claimant argues, her emergency petition for an award of attendant care benefits was a new claim based upon her current need. See Caron v. Systematic Air Services, 576 So.2d 372 (Fla. 1st DCA 1991). Therefore, the claimant had the burden of proving that she was entitled to the care because it was medically necessary. See Jackson Manor Nursing Home v. Ortiz, 606 So.2d 422 (Fla. 1st DCA 1992). Under section 440.13(2)(g), Florida Statutes (1993), the claimant cannot meet that burden of proof without a statement by a physician that such care is medically necessary. See also Attitudes & Trends v. Arsuaga, 616 So.2d 1103, 1103 n. 1 (Fla. 1st DCA 1993) (section 440.13(2)(f) (Supp.1990) is a procedural burden of proof enactment). The only witness to testify in the hearing below was a doctor who stated that, though claimant is still wearing a brace to support her injured knee, attendant care was not necessary. We note, however, that the JCC interrupted the proceedings and prevented the taking of additional evidence in support of the claim for attendant care, by ruling that the claimant was entitled to attendant care on an emergency basis. That was error because the claimant had not yet provided competent substantial evidence (by means of a physician’s testimony as required by section 440.13(2)(g)) of the medical necessity for such benefits. Accordingly, we REVERSE and REMAND for further proceedings, in which the parties shall be given a full and fair opportunity to prove the claimant’s medical need for the benefits requested.
ALLEN, J., and SMITH, Senior Judge, concur.