PER CURIAM.
Appellant, Martin Perez-Ramirez, appeals a final order of the Judge of Compensation Claims (JCC) denying com-pensability of his back condition. The JCC found that the claim was barred due to appellant’s failure to report the injury within the thirty-day reporting period mandated by section 440.185(1), Florida Statutes (2000); excluded appellant’s independent medical examining physician’s testimony because the physician charged and collected in excess of the maximum allowable fee for an independent medical examination, for which exclusion the JCC relied on City of Riviera Beach v. Napier, 791 So.2d 1160 (Fla. 1st DCA 2001); and, found that the evidence failed to prove that the work performed within the course and scope of employment was the major contributing cause of appellant’s back injury. We disagree with all of these reasons for denial, and reverse and remand for further proceedings consistent with this opinion.
As a matter of law under the specific facts of this case, appellant timely notified his employer of his back injury. See Alfonso v. Mac Dinton’s Restaurant, 515 So.2d 248, 246 (Fla. 1st DCA 1987). Moreover, because appellees, Dexter Development and Associated Industries, paid without objection appellant’s independent medical examining physician’s fee, which the parties agreed was in excess of the maximum allowable fee under rules adopted by the Division of Workers’ Compensation, they waived their objection to that physician’s testimony. Finally, as we have reversed the exclusion of appellant’s independent medical examining physician’s testimony, in which the physician opines that appellant’s industrial accident is the major contributing cause of appellant’s back pain and need for treatment, the JCC’s finding that appellant faded to prove that the work performed within the course and scope of employment was the major contributing cause of his back injury should be reconsidered in light of this additional evidence.
Reversed and remanded.
KAHN, WEBSTER and DAVIS, JJ., Concur.