HAWKES, J.
Appellants (E/C) appeal the Judge of Compensation Claims’ (JCC) order awarding Claimant a new house, a life estate in the house, and twelve hours of daily attendant care. We reverse and remand with instructions. We affirm the issue on cross-appeal without comment.

Factual & Procedural History

Claimant was injured on the job and now suffers from paraplegia. Claimant’s family moved into a rental home which was not handicapped accessible. To accommodate Claimant, the E/C and Claimant’s family have made modifications to the home such as adding ramps to assist Claimant. However, Claimant is precluded from participating in some household activities due to the inaccessible nature of some areas of the house. Claimant’s wife admitted she could not recall the E/C ever denying any of Claimant’s requests for modifications. Claimant eventually filed claims for authorization of construction of a new handicapped accessible house, and 12 hours of daily attendant care benefits.

Award of A New House and Life Estate

The JCC awarded a new home with a life estate. In making this award, the JCC appears to have considered economic factors. This was error. Economic considerations cannot be the basis for awarding a new home. See Polk County Bd. of *529 Comm’rs v. Vamado, 576 So.2d 833, 838 (Fla. 1st DCA 1991).
While circumstances may exist which would entitle a claimant to an award of a new house, the “new” house must be medically necessary. See Gilley Trucking Co. v. Morrell, 591 So.2d 302, 303 (Fla. 1st DCA 1991); see also Polk County Bd. of Comm’rs, 576 So.2d at 837 (holding that JCC should only award medical benefits which are medically necessary).[1] A new home should only be awarded when an existing home cannot be modified. See id.; cf. Peace River Elec. Corp. v. Choate, 417 So.2d 831, 832 (Fla. 1st DCA 1982) (finding that unique circumstances were sufficient reason why existing home could not be modified).
In this case, the evidence of medical necessity for a new house was one physician answering “yes” on a form asking if a new house was medically necessary for Claimant. In a later deposition, he opined handicapped accessible housing was necessary from a medical standpoint. However, that physician never explained why a new home, as opposed to modification of an existing home, was medically necessary. Moreover, on cross-examination, the physician admitted building a new house was not required as long as appropriate housing was provided.
A second physician agreed that a new house was medically necessary, and generally stated she thought building a new home would be better than modifying a rental home because, in her opinion, rental homes are generally not in the best location. This physician did not testify why, in her medical opinion, a new home, as opposed to modification of an existing home, was medically necessary.
The physicians here, making conclusory assessments beyond the scope of their expertise and lacking any underlying factual support, provide no more evidence of medical necessity than a police officer listing the elements of a crime establishes probable cause that a particular defendant committed a crime. Without evidence establishing ivhy a new house is medically necessary, there can be no competent, substantial evidence to support the award of a new house. Because there was no competent, substantial evidence to support the award of a new house, the award of a life estate was also erroneous. We reverse and remand with instructions to give the E/C the option of making the required modifications to an existing home to meet Claimant’s needs or building a new house.

Attendant Care Benefits

The JCC awarded twelve hours of attendant care from one month following Claimant’s discharge from the hospital to the date of the final order in July 2003. The earliest physician prescription for attendant care was written on July 16, 2001, when the physician prescribed an increase in attendant care from the four hours the E/C was voluntarily providing to eight hours minimum per day.[2] Claimant’s wife testified she provides between twelve and fourteen hours of attendant care on a daily basis. A certified vocational evaluator testified twelve hours of daily attendant care was reasonable, although Claimant appeared to need up to fourteen hours of daily attendant care. The JCC concluded that since the physician prescribed eight *530 hours minimum, it was permissible to grant more. This was error.
Claimants who need attendant care have the burden of proving the quantity, quality, and duration of attendant services claimed. See Orange County Sheriff’s Dep’t v. Perez, 541 So.2d 652, 654 (Fla. 1st DCA 1989). A physician must indicate attendant care services are medically necessary. See § 440.13(2)(b), Fla. Stat. (2001)-(2002) (providing that employer must provide attendant care performed only at the direction and control of a physician); Winn-Dixie Stores, Inc. v. Frank, 665 So.2d 271, 272 (Fla. 1st DCA 1995) (noting statutory standard that physician issue statement indicating attendant care is medically necessary). The statute and our case law interpreting the statute require that a physician prescribe all attendant care. See § 440.13(2)(b), Fla. Stat.; Winn-Dixie Stores, Inc., 665 So.2d at 272. We have allowed retroactive awards of attendant care when the physician, in essence, provides a prescription through testimony at the final hearing,[3] but we have never indicated a prescription or medical testimony supporting attendant care was unnecessary.[4]
We reverse the JCC’s attendant care award and remand with instructions to award attendant care benefits at a rate of four hours per day for the period of one month following Claimant’s discharge from the hospital (March 2001) to July 15, 2001, with credit for payments already made. This award ratifies the E/C’s decision to voluntarily pay benefits for this time period. The JCC is instructed to award eight hours of attendant care benefits per day from July 16, 2001 onward, consistent with the previous medical testimony, with credit for payments already made. If Claimant’s physicians determine additional attendant care is necessary in the future, they can prescribe such care. See § 440.13(2)(a), Fla. Stat. (2004) (providing that employer must furnish “medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require”); § 440.28, Fla. Stat. (2004) (establishing that parties or JCC may seek modification of order, subject to time constraints, due to change in condition).
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
BROWNING, J., CONCURS, DAVIS, J., CONCURS IN RESULT.

. Cf. All Clear Locating Servs., Inc. v. Shurrum, 855 So.2d 1208, 1210 (Fla. 1st DCA 2003) (holding that specifications for housing were not medically necessary); Timothy Bowser Constr. Co. v. Kowalski, 605 So.2d 885 (Fla. 1st DCA 1992) (same).

. The E/C voluntarily paid Claimant for four hours of attendant care from February 25, 2001 to October 25, 2001, at which time it began paying Claimant for eight hours of attendant care.

. See Socolow v. Flanigans Enters., 877 So.2d 742, 745 (Fla. 1st DCA 2004) (accepting physician’s testimony that he first prescribed attendant care on June 14, 2000, though claimant needed attendant care before that date); Rockette v. Space Gateway Support, 877 So.2d 852, 853 (Fla. 1st DCA 2004) (finding that although physician did not initially prescribe attendant care, he testified at a hearing that such care was needed).

. We note section 440.13(2)(b) was amended in 2003, and now includes greater specifications for claims for attendant care. The added language reads;
The physician shall prescribe such care in writing. The employer or carrier shall not be responsible for such care until the prescription is received by the employer and carrier, which shall specify the time periods for such care, the level of care required, and the type of assistance required. A prescription for attendant care shall not prescribe such care retroactively.
§ 440.13(2)(b), Fla. Stat. (2003). The statutory amendment does not apply to the period at issue here (February 2001-July 2003). See Socolow, 877 So.2d at 744 (applicable statute for attendant care is the statute in effect at the time compensable care is given). However, it does apply to any attendant care performed on or after its effective date of October 1, 2003.