PER CURIAM.
In this appeal, claimant Sandy Camus argues that (i) the judge of compensation claims (“JCC”) abused her discretion in excluding Dr. McGarahan’s medical opinion testimony relating to his September 21, *1267 2004 evaluation of claimant, and (ii) there is no competent substantial evidence supporting the portion of the JCC’s order finding that appellees employer/carrier (“E/C”) established a change in condition sufficient to modify the previous order of the JCC, which consequently eliminated their pre-existing obligation to provide claimant with attendant care. We agree with claimant that Dr. McGarahan’s medical opinion testimony was improperly excluded, accordingly, we reverse on this ground.[1]
Claimant suffered a compensable workplace injury in 1995 and began treatment for her injuries and pain at that time. On August 27, 2002, claimant and the E/C stipulated that the E/C would provide claimant with 14 hours of attendant care per day, seven days per week, at an hourly rate of $12.00 per hour. This stipulation was approved by order of the JCC dated October 15, 2002. In 2004, claimant filed a petition for benefits seeking an increase in attendant care from 14 hours to 16 hours per day. This petition also requested an increase in the per hour compensation paid for all 16 hours of attendant care requested. The E/C subsequently filed a petition for modification seeking to reduce or eliminate its obligation, established by the order of October 15, 2002, to provide claimant with attendant care. The E/C cited a “change in condition” as the reason for the requested modification.
The JCC issued alternative rulings in her Final Compensation Order. Under either of these alternative rulings, the E/C’s petition for modification was granted, and its obligation to provide attendant care to claimant was eliminated. First, the JCC ruled that if this matter is to be treated as a new claim for benefits, then claimant failed to meet her burden of establishing the quantity, quality, and duration of any attendant care needed, and that a physician had prescribed such care. In the alternative, the JCC ruled that if this matter is to be treated as a request for modification of the previous order, then the E/C has demonstrated a change in condition justifying a decrease of attendant care. See § 440.28, Fla. Stat. (2004).
Dr. McGarahan proffered testimony, by deposition, that in his medical opinion claimant’s functional ability in September of 2004 was no different than it was in April of 2002. He further testified that, in 2002, he believed claimant was suffering from myofascial pain syndrome and he prescribed her with 16 hours of attendant care per day.
In her Final Compensation Order, the JCC excluded Dr. McGarahan’s medical opinion relating to his September 21, 2004 evaluation of claimant, because she found that Dr. McGarahan was not an “authorized treating provider” at the time he evaluated claimant in 2004. See § 440.13(5)(e), Fla. Stat. (1995). The E/C concedes that Dr. McGarahan was an “authorized treating provider” as of April 16, 2002. However, the JCC ruled that because Dr. McGarahan moved to a different practice subsequent to his 2002 evaluation he was not an “authorized treating provider” in 2004. The JCC further noted that because claimant already had one independent medical examination, Dr. McGara-han’s testimony relating to the September 21, 2004 visit should be admitted for factu *1268 al purposes only and not as a medical opinion.
Section 440.13(5)(e), Florida Statutes (1995), provides that only the medical opinions of a medical advisor appointed by the JCC, an independent medical examiner, or an authorized treating provider are admissible in proceedings before a JCC. An “authorized treating provider,” as that term is used in section 440.13(5)(e), Florida Statutes, is a treating provider authorized by the E/C. See Lakeland Reg’l Med. Ctr. v. Murphy, 695 So.2d 895, 897 (Fla. 1st DCA 1997); Rucker v. City of Ocala, 684 So.2d 836, 839-40 (Fla. 1st DCA 1996).
The JCC’s decision to exclude Dr. McGarahan’s medical opinion testimony was error. There is no statutory or case law support for the proposition that a physician becomes deauthorized merely by moving to a new professional practice. In the instant proceeding, there is no evidence that the E/C ever intended to, attempted to, or even desired to deauthorize Dr. McGarahan prior to his September 21, 2004 evaluation of claimant. See City of Bartow v. Brewer, 896 So.2d 931, 933 (Fla. 1st DCA 2005) (ruling that “[t]his is not a case where the E/C had no basis for ‘deau-thorizing’ Dr. Simon as the treating physician”). It is undisputed that the E/C continued to provide treatment for claimant’s compensable injury by Dr. Erb, an authorized treating provider and pain management physician, through at least September 30, 2004. Because the E/C took no steps to deauthorize Dr. McGarahan, and his evaluation of claimant on September 21, 2004 was within the limitations period imposed by section 440.19, Florida Statutes (1995),[2] Dr. McGarahan continued to be an “authorized treating provider” at the time of claimant’s September 21, 2004 evaluation.
The exclusion of Dr. McGara-han’s medical opinion was not harmless error. The value of Dr. McGarahan’s testimony is not found in his ability to assess claimant’s current need for attendant care. Rather, his testimony is relevant to the extent that it suggests claimant’s condition has not changed from the time of the original stipulation and order.[3] Dr. McGarahan recommended 16 hours of attendant care in 2002, and testified that claimant’s functional ability in 2004 was no different than it was in 2002. This assertion is directly contrary to the opinion asserted by Dr. Erb, E/C’s primary witness. Unlike Dr. Erb, Dr. McGarahan met with claimant both in 2002 and 2004. It is also of note that Dr. Erb expressly deferred to Dr. McGarahan as being in a better position to evaluate the change, if any, in claimant’s condition between these two periods.
In this case, relevant testimony from an authorized treating physician that explicitly contradicts the E/C’s assertion that *1269 claimant’s condition has changed since entry of the prior order was improperly excluded. Accordingly, we reverse the JCC’s order of February 6, 2005, and remand to the JCC for reconsideration in light of Dr. McGarahan’s opinion relating to his observations during his September 21, 2004 evaluation of claimant. See Perez-Ramirez v. Dexter Dev., 852 So.2d 933, 934 (Fla. 1st DCA 2003) (holding, “as we have reversed the exclusion of claimant’s independent medical examining physician’s testimony, in which the physician opines that [claimant’s] industrial accident is the major contributing cause of [claimant’s] back pain and need for treatment, the JCC’s finding that [claimant] failed to prove that the work performed within the course and scope of employment was the major contributing cause of his back injury should be reconsidered in light of this additional evidence”).
REVERSED and REMANDED with directions.
KAHN, C.J., LEWIS and POLSTON, JJ., concur.

. We reject appellant’s second argument that there is no competent substantial evidence supporting the portion of the JCC's order finding that the E/C established a change in condition sufficient to modify the previous order of the JCC. The medical opinion testimony of Dr. Erb, an authorized treating physician of claimant, was sufficient to establish competent substantial evidence in support of the JCC’s finding.

. “Payment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance pursuant to either a notice of injury or a petition for benefits shall toll the limitations period set forth above for 1 year from the date of such payment.” § 440.19(2), Fla. Stat. (1995).

. Despite the JCC's lack of clarity on the issue, this case presents a petition for modification, which must be supported by a "change in condition” from the time of the original order, or a "mistake of fact” relating to the institution of that order. § 440.28, Fla. Stat. (2004). Here claimant was awarded 14 hours of attendant care, seven (7) days per week, at a compensation rate of $12.00 per hour. These determinations are res judicata and may not be changed without meeting the requirements of section 440.28, Florida Statutes. While this order should not be construed as providing for a perpetual award of attendant care, it does provide the conferred benefits so long as no mistake of fact or change in condition is demonstrated.