# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D16-5745

_____

UNITED STATES FIRE
INSURANCE COMPANY
and OXFORD SHOPS OF
SOUTH FLORIDA,

    Appellants,

    v.

VIRGINIA HACKETT,

    Appellee.

_____

On appeal from an order of the Judge of Compensation Claims.
Iliana Forte, Judge.

Date of Accident: October 11, 1985.

December 14, 2018

PER CURIAM.

The JCC erroneously interpreted section 440.28 of the Florida Statutes as not authorizing an Employer/Carrier to petition for modification of previously-granted medical benefits. The JCC likewise erred in refusing to compel the Independent Medical Examination that the E/C requested. We reverse.

**Deceit as to Claimed Attendant Care.**

Claimant suffered a compensable low back injury in 1985, but stopped seeing her authorized physician in 2012. The E/C has nevertheless been paying for 24 hours of attendant care every

day, which for several years has been provided exclusively by Claimant's husband and daughter. Claimant's husband claimed to provide attendant care from 8:00 p.m. to 8:00 a.m. daily, and Claimant's daughter claimed to provide attendant care from 8:00 a.m. to 8:00 p.m. daily (in exchange for the E/C's paying *each* of them $31,143.84 a year). Claimant, her husband, and her daughter signed off on their time sheets.

After Claimant stopped seeing her authorized physician, the E/C conducted surveillance, which demonstrated that Claimant was not receiving all of the attendant care for which the E/C had been paying. The E/C petitioned for modification under section 440.28, asserting that Claimant had failed to participate in provided care and therefore could not substantiate a need for that care to be continued, and that Claimant had engaged in fraudulent reporting of attendant care hours received. The E/C sought an IME to establish Claimant's actual need for attendant care related to the compensable injury.

After an evidentiary hearing, the JCC found that the "evidence is clear that [the daughter] is not providing the twelve hours a day of home attendant care she is being compensated for by the E/C." The JCC concluded the claimed attendant care was the product of "deceit" in which the Claimant and her husband were "complicit."[1] The JCC nevertheless denied the E/C's petition because, while the evidence established deceit, it did not establish Claimant's medical condition. Although the E/C had requested an IME to obtain precisely that evidence, the JCC concluded that she lacked jurisdiction to compel treatment or allow the E/C to obtain medical evidence from Claimant.

**Scope of Section 440.28.**

We review the JCC's interpretation of the statute de novo. *Lombardi v. S. Wine & Spirits*, 890 So. 2d 1128, 1129 (Fla. 1st DCA 2004). Claimant argues that section 440.28 provides no

---

[1] The fraud defense under section 440.09(4) is not available for accidents that occurred before the statute's 1994 effective date. *Rustic Lodge v. Escobar*, 729 So. 2d 1014 (Fla. 1st DCA 1999).

point of entry for an E/C to compel an IME on the basis of allegedly changed circumstances; and that IMEs are available solely as provided in section 440.13(5), which Claimant argues does not apply here. We reject Claimant's argument that we should interpret section 440.28 as providing a point of entry only for disputes involving monetary benefits. We adhere to our previous interpretation of section 440.28 as encompassing both monetary and medical benefits awarded in compensation orders.

The statute in question, entitled "Modification of orders," provides in pertinent part as follows (emphasis added):

> Upon a judge of compensation claims' own initiative, *or upon the application of any party in interest*, on the ground of a change in condition or because of a mistake in a determination of fact, the judge of compensation claims may . . . review a compensation case in accordance with the procedure prescribed in respect of claims in s. 440.25 and, in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation.

§ 440.28, Fla. Stat. (2016).

Under the plain language of the statute, "any party in interest" may initiate review of a case for modification of an order. We have previously allowed this statute to extend to the provision of medical benefits. In *Camus v. Manatee County School Board*, 923 So. 2d 1266 (Fla. 1st DCA 2006), the claimant petitioned for additional attendant care hours as well as additional monetary compensation, and the E/C petitioned to reduce or eliminate the attendant care obligation based on a change in the claimant's condition. *Id.* at 1267. We reversed and remanded for the JCC to consider the testimony of claimant's treating physician. *Id.* at 1268. We accepted without question the E/C's petitioning to reduce or eliminate attendant care benefits under section 440.28. *See also Gustafson's Dairy v. Phillips*, 656 So. 2d 1386, 1387 (Fla. 1st DCA 1995) (holding that term "compensation" as used in § 440.09(3) includes both medical and disability benefits); § 440.25(4)(e), Fla. Stat. (including all orders

3

"making an award or rejecting the claim" as "compensation orders").

In an earlier attendant-care case, we noted that section 440.28 allows either of the parties, and the JCC, to seek modification of an order due to a change in condition. *Adams Bldg. Materials, Inc. v. Brooks*, 892 So. 2d 527, 530 (Fla. 1st DCA 2004); *see also Hardrives of Delray v. Stimely*, 670 So. 2d 108, 110 (Fla. 1st DCA 1996) (noting that section 440.28 allows petitions for modifications for a change in claimant's condition or mistake in fact determined in earlier order). We approve the E/C's resort to section 440.28 to seek modification of a previous medical benefit awarded, based upon an alleged change in the Claimant's medical condition.

We also conclude that this interpretation of the statute best comports with the intended function of the workers' compensation system of dispute resolution. To bar E/Cs from petitioning for modifications of medical benefits upon evidence of a change in claimants' condition runs afoul of the Legislative intent to decide cases on their merits quickly and efficiently without skewing in favor of either side. § 440.015, Fla. Stat.

**Authority for IME**

We further reject Claimant's argument that even if the E/C can petition for a modification under section 440.28, there can be no IME to prove the factual basis for the petition. The statute defines an IME as an objective evaluation of the claimant's medical condition "to assist in the resolution of a dispute arising under this chapter." § 440.13(1)(i), Fla. Stat. The statutory provisions governing IMEs authorize the carrier or the employee to select an IME "[i]n any dispute concerning overutilization, medical benefits, compensability, or disability under this chapter." § 440.13(5)(a). The E/C's petition for modification here framed a dispute concerning medical benefits, within the scope of the statute. A JCC has broad discretion to order an IME. *Bedwell v. Stone Container Corp.*, 174 So. 3d 1127 (Fla. 1st DCA 2015) (citing JCC's broad investigatory authority under pre-1990 law in § 440.29(1), Fla. Stat., which continues as a right under post-1990 law). It would be anomalous to recognize an E/C's right to petition for modification of medical benefits, and then refuse to

4

recognize the right to discovery in support of that petition. We decline to prohibit an IME in an E/C-initiated modification proceeding.

In this case, after reviewing the evidence the E/C presented, the JCC concluded that Claimant was complicit in deceit to obtain payment for attendant care benefits that were not actually being provided. In addition, Claimant did not dispute that she had stopped seeing her authorized physician several years earlier, or her husband's testimony that she had elected several years earlier to treat outside the workers compensation system. This evidence was sufficient to support the E/C's request for an IME because a dispute existed regarding a change of condition— namely, the Claimant's refusal of medical care by authorized doctors, and the question of whether she was receiving or required all attendant care benefits the E/C was funding. Because the E/C filed a Petition for Modification initiating litigation as governed by section 440.25, the JCC had jurisdiction to address the Motion to Compel IME.

### Conclusion

We REVERSE and REMAND for proceedings on the E/C's petition, including the performance of an IME as the E/C requested.

ROBERTS, BILBREY, and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

William H. Rogner and Andrew R. Borah of Hurley, Rogner, Miller, Cox and Waranch, P.A., Winter Park, for Appellants.

David C. Wiitala of Wiitala & Contole, P.A., North Palm Beach, for Appellee.